## WILLIAM VANCE vs. CHARITY VANCE.

Where a libel for divorce for the cause of adultery, alleging that the offence was committed with divers persons, some of whom are named and some are said to be unknown, within a specified time, has been tried, and thereupon judgment has been duly rendered that the libel was not sustained; such judgment, while it remains in force, is a bar to any after libel for offences committed within the period alleged in the first libel.

But if the last libel alleges that the offences were committed within a certain period, including time prior and subsequent to the filing of the first, and it does not appear that the causes of complaint were the same in both, the judgment is no bar to such offences as may be proved to have been committed after the filing of the first libel.

THE Reporter has received no copies or papers in this case other than the opinion of the Court, and can only state the facts as he finds them on his minutes, made while the papers were read. This was a libel filed by *William Vance*, praying for a divorce from the respondent for the cause of adultery, committed at various times and with different persons, of whom some were said to be unknown, commencing sometime prior to *June*, 1836, and ending at the time of filing the present libel, *April* 5, 1838. To this libel the respondent pleaded, that on *June* 20, 1836, *William Vance* had filed a libel for a divorce in which was contained every allegation of misconduct set forth in the present libel; and that the parties were heard at the *May Term* of this Court, 1837; and that an adjudication was made thereon that the libel was not supported. The libellant demurred to this plea. Exceptions were filed to the ruling of the Judge holding the Court, at the *October Term*.

*R. Williams* and *Boutelle* argued for *William Vance*; and to the points that it was necessary that the plea should make a profert of a copy of the former judgment, and should aver that the alleged causes of divorce set forth in the former libel and in the present were the same, cited *Jones v. Fales*, 4 *Mass. R.* 255; *New-England Bank v. Lewis*, 8 *Pick.* 113; 1 *Saund.* 91; *Commonwealth v. Churchill*, 5 *Mass. R.* 174; 6 *T. R.* 607; *Bridge v. Gray*, 14 *Pick.* 55.

*Wells*, for *Charity Vance*, objected, that as the petition recited a trial at *May Term*, 1837, and contained an allegation of a dis-

covery of new and material evidence, it was to be considered as a petition for a new trial, which could not be granted. Or if this was not the right view of it, that it was both a petition for a new trial and a libel for divorce, and contained two distinct and separate causes of grievance, and therefore was bad. If it is a libel for a divorce, then every specification of misconduct alleged is prior to the filing of the last libel, and the judgment is a complete bar. If the present libel did not fall within the old one, the libellant should not have demurred to the plea, but should have replied and assigned anew. *Leland* v. *Marsh*, 16 *Mass. R.* 389.

The opinion of the Court was drawn up by

EMERY J. — The strict rules of pleading applicable to common law cases have not been followed in libels for divorce. We apprehend that it may become important to adopt a practice of greater particularity, in the allegations in cases of adultery, in order to prevent surprize, and to enable a respondent to prepare for trial.

Where the allegation in a libel is made with the intention to include a chance for establishing delinquency on a certain day, on which the offence is alleged to be committed, and also alleging repetition of the crime between that day and the time of filing the libel, the party prosecuting must be intended to come prepared with every proof properly to be received, bearing on the subjects of complaint. And after a full hearing and trial thereon, followed by a decree of divorce, or dismissal, it must be deemed as conclusive between the parties, as to the allegations. And, like all other judgments, must bind them until reversed.

It would be worse than useless if any other conclusion should result from long and painful investigation, pressing heavily on the characters of all concerned. As a consequence, the attempt to call up the investigation again, under the pretence that there was some instance omitted within the periods alleged, cannot be entertained, so far as to receive evidence of transactions between the times which have passed into judgment.

But in this case we have come to the opinion that the new libel covers time between the filing of the former libel and the filing of the last.

Vance *v.* Vance.

To so much, the brief statement, or plea of the respondent, does not, by shewing the former judgment, furnish an adequate bar. It is not in the plea averred that the second libel is for the same cause of complaint as the first. And therefore we cannot absolutely conclude that it is so. And the demurrer must be regarded as admitting no more than is alleged.

We do not consider that this is a petition for a new trial of the former libel. Nothing of the kind is asked. The statement that new evidence is discovered, appears to be alleged rather by way of apology for introducing into the second libel, offences, supposed to be committed within the time, which before had been in contestation. There is not such a representation of the newly discovered evidence in particularly describing the witnesses by name, and what they are expected to testify, and the grounds of belief that they will so testify, and when the petitioner became informed of the testimony, as is requisite in order that the Court should entertain it as a petition for a new trial.

The respondent has therefore not presented a bar to the libel, and the exceptions must be sustained. To the allegation of the offence between the 20th of *June,* 1836, and the 5th day of *April,* 1838, the respondent must answer.