HON. JAMES BARRETT,  
HON. HOMER E. ROYCE,  } ASSISTANT JUDGES.  
HON. TIMOTHY P. REDFIELD,

---

## RHODA E. BLAIN *v.* ISAAC W. BLAIN.

*Divorce. Bringing of Petition. Authentication and Effect of the Records of the Courts of another State. Pleading.*

A petition for divorce was made and dated June 19, 1871, and the summons thereto attached, and the order of notice by publication, were signed by the clerk and issued October 18, 1871. *Held*, that the petition was *brought* when the summons and order were signed and issued.

A copy of the record of a judgment of the supreme judicial court of New Hampshire, in and for the county of G., was attested by the clerk of said court, with the seal thereof annexed, as "a true copy of record upon a petition for divorce, B. against B.," and certified by the chief justice, that the person by whom said copy was attested, was clerk of said court, and had the keeping of the files, records, and proceedings thereof, and was by law the proper person to make out and certify copies thereof, and that full faith and credit were, and of right ought to be, given to all his official acts and attestations done as aforesaid, and that his attestation of said copy was in due form. *Held*, that said record was properly authenticated.

Blain *v.* Blain.

In divorce proceedings, a former adjudication need not be specially pleaded as a bar, or an estoppel, but may be given in evidence at the trial.

A former adjudication by the courts of New Hampshire, dismissing a petition for divorce for want of sufficient proof of the allegations thereof, is not a bar to granting a divorce in this state for acts of intolerable severity, which were alleged and attempted to be proved in the proceedings in which such adjudication was had, but which occurred in New York, while the parties were domiciled there, when it is not made to appear that the courts of New Hampshire had jurisdiction of causes happening while the parties were residing in another state, and without its jurisdiction.

PETITION for divorce for the causes of intolerable severity, willful desertion for three consecutive years, and neglect to provide suitable maintenance.

The notice to the petitionee was by publication, under an order issued by the clerk. The petition was dated June 19, 1871, and the summons attached, and order of notice by publication, were both dated and issued October 18, 1871, and the case was entered in court at the December term.

It appeared in proof that the petitioner came to reside in this state the first days of August, 1869, and resided in this county ever after. The counsel for the petitioner admitted, and it also appeared in proof, that none of the acts of intolerable severity occurred in this state, and that the desertion did not first occur in this state. It was claimed on the part of the petitionee, that the petitioner, not having resided within this state for two years before the date of the petition, had no right, under the statute, to bring her petition for the two causes last named. The court held that the date and issuing of the summons and order of notice, were to be taken as the time of bringing the petition, and that, consequently, the residence of the petitioner in the state was more than two years ; to which' the petitionee excepted.

When the trial of the cause had proceeded so far that the petitioner rested, the petitionee offered a copy of the record of a judgment, rendered between these parties in New Hampshire, at the January term, 1869, of the supreme judicial court within and for the county of Grafton, in which cause this petitioner petitioned for a divorce from the petitionee, on the grounds of extreme cruelty and drunkenness ; but the claim for divorce not being sustained by the evidence upon either of those grounds, the

petition was dismissed. The contents of said record are sufficiently stated in the opinion.

Said copy of record was attested by the clerk as follows:

" STATE OF NEW, HAMPSHIRE, } Supreme Judicial Court,
Grafton County, ss. } Clerk's Office,
December 9, A. D. 1872.

The foregoing is a true copy of record upon the petition for divorce, Rhoda E. Blain against Isaac W. Blain.

Witness my hand and the seal of said court.

[L. S.]                              C. A. DOLE, *Clerk* " ;

and was certified by BELLOWS, Ch. J., as follows:

" STATE OF NEW HAMPSHIRE:

I, Henry A. Bellows, Chief Justice of the Supreme Judicial Court for the State of New Hampshire, do hereby certify that Charles A. Dole, Esq., whose signature is affixed to the papers hereunto annexed, is clerk of the supreme judicial court for the county of Grafton and state aforesaid, and hath the keeping of the files, records, and proceedings of said court, and is by law the proper person to make out and to certify copies thereof; and that full faith and credit are, and of right ought to be, given to all his official acts and attestations done as aforesaid; and that his attestation to the papers hereto annexed, is in due form of law.

In testimony whereof, I have hereunto set my hand, and caused the seal of the said court to be hereunto affixed, [L. S.] this 27th day of December, in the year of our Lord one thousand eight hundred and seventy-two.

HENRY A. BELLOWS."

Said judgment was offered as a bar or an estoppel to these proceedings, so far as the question of intolerable severity was concerned. None of the acts of intolerable severity relied upon in this case, occurred in this state, and none of them since the bringing of the libel for divorce in New Hampshire, in which proceedings said judgment was rendered. Said judgment was not pleaded in writing, but was offered to be proved during the trial of the cause, as above stated. It appeared that most of the acts of intolerable severity occurred in Brooklyn, in the state of New York, while the parties resided there.

The petitioner's counsel objected to the admission of said copy of record, on the ground that said judgment was not a bar or estoppel as to any of the acts of intolerable severity, and if it was

Blain v. Blain.

so as to such as occurred in New Hampshire, it was not as to those that occurred out of New Hampshire, and in the state of New York, and that the record was not admissible for any purpose. Also, on the ground that it was not properly authenticated as an exemplification of the record. Also, because it could not be legally admitted without being specially pleaded. The court admitted it, subject to all legal objections. The laws of New Hampshire were not proved in the case.

The court, at the December term, 1872, PECK, J., presiding, granted a bill of divorce for the cause of intolerable severity only, and decided that the judgment in New Hampshire was not a bar to granting a bill for that cause; and further found and decided that the acts of intolerable severity proved, which occurred out of the state of New Hampshire, and in the state of New York, while the parties resided there, were alone sufficient cause to entitle the petitioner to a bill of divorce, without reference to such as occurred in New Hampshire. To the above rulings of the court, the petitionee excepted.

*R. Farnham*, for the petitionee.

The petition was brought, within the meaning of the statute, at the date thereof, and not at the date of the summons and order of notice.

The judgment rendered by the supreme judicial court of New Hampshire, is a bar to this suit. 2 Am. Lead. Cas. 617 ; *Church* v. *Wilson*, 9 Wall. 108 ; Big. on Estop. 173, 208–9 ; *Kittredge* v. *Emerson*, 15 N. H. 227 ; 2 Bishop Mar. & Div. §§754, 766 ; *Downer* v. *Shaw*, 22 N. H. 281.

The record was properly authenticated. 2 Am. Lead. Cas. 611 ; Const. of U. S. Art. 4, §7 ; Act of Congress, May 24, 1790 ; 1 Greenl. Ev. §§504–5–6.

*J. T. Allen* and *O. Gambell, Jr.*, for the petitioner.

There can be no bringing of a suit until process of court is made out and issues by authority, and ripe for service. The petition alone is not such process, and forms in no sense a proceeding, in court, until a citation, duly signed by proper authority, is at-

tached thereto. The taking out of a writ is, for some purposes, the commencement of the action. This seems to be according to the common law. *Allen* v. *Mann*, 1 D. Chip. 94. But there is no writ until signed by authority ; and if the writ is not served, no suit is commenced by the issuing thereof. *Day* v. *Lamb*, 7 Vt. 426, 429. A suit is pending after the service of the writ. *Downer* v. *Garland*, 21 Vt. 362 ; *McDaniels* v. *Reed et al.* 17 Vt. 674.

The record offered in evidence was inadmissible. 1. The judgment it purported to be evidence of, should have been specially pleaded. There is nothing in the nature of divorce suits to distinguish them from other suits in respect to the pleadings, except that sometimes they are regarded as *triangular* in their character, the court, representing public policy, being regarded as a party, and, in the interest of the public, may take notice of things not pleaded, or relied upon by the parties of record. But the question of estoppel is not one in which the public interests are so far concerned as to demand of the court a departure from the rules of pleading, or a disregard of them. In other states, where *recrimination* or *condonation* is set up in defense, it is required to be specially pleaded. 2 Bishop Mar. & Div. §§336, 338, 341, *et seq.* 2. The paper offered was not a proper exemplification of the record. It should exemplify the pleadings on file, by giving full copies thereof, and a copy of the docket entries ordered by the court, to which should be added a copy of the clerk's record. 3. The proceeding in New Hampshire can in no view be interposed as a bar to these proceedings.

The bill was granted for the cause of intolerable severity only, and the exceptions show, " that the acts of intolerable severity proved, which occurred out of the state of New Hampshire, and in the state of New York, while the parties resided in New York, were alone sufficient cause to entitle the petitioner to a bill," &c. The laws of New Hampshire were not proved, and therefore it does not appear whether or not the courts of that state have power to grant divorces for intolerable severity, when the cause occurred out of the state. If divorces for such causes are not authorized by the laws of that state, it is clear, the court from which this

record comes had no jurisdiction of the subject-matter of that suit, so far as the facts here in question are concerned, and so there was no adjudication of those facts. It must appear affirmatively that the court in that state had complete and concurrent jurisdiction with the courts of this state, of the whole subject and question involved. Big. on Estop. 181.

But even if the New Hampshire court had jurisdiction of the whole subject-matter, and determined the case upon its merits, the petitioner is not estopped by the judgment. It is in the power, and is the exclusive privilege, of every state to determine all questions concerning the social *status* of its own citizens, according to its own laws. The rules which apply to the results of other litigation in cases of other contracts, cannot reasonably be applied to the marriage contract, owing to the peculiar character of it, and to the great variety of consequences arising out of it, affecting not only the individuals immediately concerned, but the public, that have an interest in the social relations of the parties, and the disposition to be made of children, and of the property involved.

The opinion of the court was delivered by

REDFIELD, J. This petition for divorce was made and dated June 19th, and the subpœna and order of publication were signed and issued October 18th, 1871. At the date of the petition, the two years' residence of the libellant in this state provided by statute, had not elapsed ; but more than two years at the time the subpœna issued. A writ is "issued," or a suit is "instituted," for some purposes, at the time it becomes a perfected *process ;* and sometimes the service of the writ is the commencement of the suit. But we are not aware that the making a writ or petition, without summons or citation, and signed by no magistrate or judicial authority, has ever been held the commencement of the suit, or the "*bringing of the petition or bill.*"

II. The defendant offered the exemplified copy of the record of the supreme judicial court for Grafton county, New Hampshire, of a decree dismissing the petition for divorce between these parties, wherein the alleged causes for divorce were "ex-

treme cruelty and drunkenness." The petitioner insists that such copy of record is not admissible, because; 1st, it is not properly exemplified; 2d, it should have been specially pleaded; 3d, it cannot operate as a bar to these proceedings.

The authentication of the record is in substantial compliance with the act of congress, and we think it is properly authenticated. 1 Greenl. Ev. §§504–5–6.

It is the duty of the court to see that society and the public receive no detriment in proceedings affecting the marital relations of citizens. Petitions for divorce are addressed to the judicial *discretion* of the court; and courts are justified, in some form, in reaching and hearing the proof of every essential fact touching the *character* of such relation. The manner of pleading is measurably addressed to the discretion of the court. And, although in common law proceedings, a former adjudication should be specially pleaded as a bar, or estoppel, where it can be; yet, we think it not error that the court admitted the copy of the record, without special plea.

The more important question is, as to the effect of that adjudication upon these proceedings. " Extreme cruelty " and " intolerable severity," as causes for divorce, are substantially identical. And a decree annulling the marriage relation, by a court having jurisdiction, cannot be collaterally impeached in another state or another jurisdiction.

The record asserts the appearance of both parties; and, *prima facie* at least, the court had jurisdiction of the cause, and of the parties.

A former adjudication between the same parties, operates as an estoppel, because the *same issues* have been *determined* by the judgment of the court having jurisdiction of the parties and the cause. But the judgment of the court of another state can never have any greater force or more extended operation than that given to it by the laws of the state where pronounced, from which it derives its whole force and virtue. *Darcey* v. *Ketcham,* 11 How. 165; *Harris* v. *Harderman,* 14 How. 334. This record discloses that the petitioner failed to obtain a decree; and that her petition was dismissed for the want of sufficient proof to

sustain the averments. The averments in the record, of "cruelty," as cause for divorce, are several, and special as to *time*, but not as to *place*. There is one averment that the defendant treated her with cruelty on a journey from Piermont, N. H. to Brooklyn, N. Y.; and continued the same after her arrival at the latter place. But the laws of New Hampshire are not pleaded or given in evidence, nor is there any averment or proof that the courts of New Hampshire might lawfully annul a marriage for causes that accrued while the parties were domiciled in another state, and without its jurisdiction. Had the court made a decree dissolving the marriage, a presumption would have arisen in favor of the jurisdiction which the court had exercised. But the court *dismissed* this petition ; and nothing appears in the record indicating that the court took jurisdiction of, or made inquiry into, causes accruing without the state. The exceptions state that "the acts of intolerable severity proved, which accrued out of the state of New Hampshire, and in the state of New York, while the parties resided in New York, were alone sufficient cause to entitle the petitioner to a bill." This bill was therefore granted for sufficient cause, which does not appear by this record, to have been within the jurisdiction, and adjudicated in the former case. 2 Am. Lead. Cas. 798 ; Big. on Estop. 181.

We find no error, and the judgment of the county court is affirmed.