Burton *v.* Burton.

FRANKLIN COUNTY, JANUARY TERM, 1886.

Present: Powers, Veazey, Taft, Rowell, and Walker, JJ*.

OSCAR A. BURTON *v.* LAURA W. BURTON.

*Divorce. Pleading. Practice. Record Cannot be Attacked by Matter in Pais. Amendment.*

1. Common law pleadings are not required in divorce cases.
2. A decree dismissing a libel for divorce, "*without prejudice*," even after the evidence has been heard, is not a bar to a new libel for the same cause.
3. Such a qualified dismissal cannot be attacked collaterally. It cannot be shown by matters *in pais* under a rejoinder that the words "*without prejudice*" were added to the record after the term of court, in which the case was dismissed, was adjourned *sine die*.
4. A bad surrejoinder is a sufficient answer to a bad rejoinder.
5. Amendment. The County Court has power, on an oral motion and without notice to the defendant, to allow the libellant to amend his replication by interlining the words, "all of which fully appears and is shown by the record," etc.; and the exercise of such power is not reviseable.

Libel for divorce. Heard on the defendant's demurrer to the libellant's surrejoinder, September Term, 1885, Royce, Ch. J., presiding. Demurrer overruled.

The libel stated cruelty and adultery as causes for the divorce. The plea set forth the former divorce proceedings between the same parties, the libel, its dismissal, etc., and alleged that "the pretended offenses set forth in this present libel are the same identical offenses as are mentioned and alleged to have been committed in said first libel." * * * "And said court, upon full hearing and trial of said cause upon its merits and upon the facts in controversy,

---

* Ross, J., who was assigned to this term, was absent on account of sickness in his family. Walker, J., was present at the hearing of *Burton* v. *Burton* and *State* v. *Meyer.* Rowell, J., was present at the hearing of *Royce* v. *Maloney.*

did determine, adjudge, and decree that said libel be dismissed, and the same was so dismissed upon its merits, as by the records of the proceedings, judgment, and decree remaining in said court more fully appears, which said judgment still remains," etc.

The replication alleged that the first libel was "dismissed without prejudice to the said Oscar A. Burton's right to bring and prosecute another libel for the same causes mentioned in said previous libel, or any of them, and fully reserving his right so to do, [all of which fully appears and is shown by the record of said court, which the said libellant is ready and offers to produce,] and this he, the said Oscar A. Burton, is ready to verify."

The words enclosed in brackets is the interlineation objected to. The defendant's rejoinder is sufficiently stated in the opinion.

Surrejoinder: * * * "because he saith that the said supposed judgment of dismissal of said former libel in said plea mentioned, and which said supposed judgment of dismissal was rendered and entered on a day out of term and after the adjournment without day of said September Term of said court, was by the said court intended to be without prejudice to the right of the said Oscar A. Burton to file and prosecute another libel for the same causes mentioned in said former libel, and was, by order of said court, in fact so entered upon the docket of said court by the clerk thereof, as appears by the records and proceedings of said court therein remaining; without this, that the said reservation of the said Oscar A. Burton's right to file and prosecute another libel for the same causes expressed by the entry 'without prejudice' was done by order of only one of the judges of said court, and this he is ready to verify; wherefore," etc.

The demurrer assigned :

1. That said judgment of dismissal was rendered and entered on a day out of term, etc.

2. That said court intended said judgment to be without prejudice, etc.

3. That that entry was in fact made by order of the court, and not by the order of only one of the judges.

4. That said surrejoinder offers an issue upon a matter not issuable or capable of trial, viz.: That the court as matter of fact "intended" by the judgment rendered.

5. That such issue tendered is an immaterial issue.

6. If it be claimed by the said Oscar A. that said surrejoinder is not subject to the objections above set forth, then that the same is uncertain and ambiguous and doubtful in meaning, and not capable of being answered unto, except in the alternative, or hypothetically.

The defendant made a motion to strike out the amendment to the libellant's replication. The motion was dismissed.

*Roberts & Roberts* and *H. Ballard*, for the defendant.

The plea sets up that the very matters of the libel have been once adjudicated. Upon the principle of *res judicata* the sufficiency of this plea cannot be fairly questioned. The statute—R. L. s. 2368—is, that the judges of the County Court in divorce cases shall be triers of questions of fact as well as of law. Thus, when the plea alleges the court, "upon full hearing and trial of said cause upon its merits and upon the facts," etc., this averment includes a finding by the judges that the causes of divorce were not proved ; hence the only proper entry to express the result as a conclusive determination of the cause was the one employed, "Libel dismissed ;" 2 Dan. Ch. 175–6, 638 ; Story Eq. Pl. 792 ; *Perine* v. *Dunn*, 4 Johns. Ch. 140 ; *Foot* v. *Gibbs*, 1 Gray, 412.

The replication, taken by itself, is not a sufficient answer to the plea.

In considering the replication, the attempted amendment of it should be stricken out as irregularly interpolated.

The court has no power, after the hearing and determination of a divorce cause upon its merits, to nullify its judgment, or decree, by adding to the decree of dismissal the words "without prejudice."

These words are appropriate in chancery only in case the dismissal is "for some cause not embracing an adjudication upon the merits." `Bigelow* v. *Winsor*, 1 Gray, 301 ; *Foot* v. *Gibbs*, Ib., 412 ; *Borrowscale* v. *Tuttle*, 5 Allen, 377.

The questions of fact have once been determined; and that determination is final. R. L. s. 2368.

*Bostwick* v. *Abbott*, 40 Barb. 331, decides that after a case at law has been decided against the plaintiff on the merits, the court has no power to destroy its effect by annulling it so as to give permission to the plaintiff to bring another suit. See *Durant* v. *Essex Company*, 7 Wall. 107; *Audubon* v. *Insurance Company*, 27 N. Y. 216.

"We know of no practice, or authority, by which a court can thus qualify a judgment." *Fisher* v. *Williams*, 56 Vt. 586; and see *Wing* v. *Woodward*, 56 Vt. 723.

It is understood that this very question has once been distinctly decided at General Term, in a case not reported, that a judgment cannot be qualified by an entry "without prejudice."

If a judgment for the defendant may be so qualified, why not a judgment for the plaintiff ? This in a divorce proceeding, where the judgment fixes the status of the parties as to all the world, would be awkward.

Every consideration of propriety and public policy is against the establishment or recognition of such a claim in such a case.

In a criminal case a *nolle prosequi* entered after a jury is impanneled and sworn, operates as an acquittal, it is said. 1 Whart. Cr. Law, s. 544. The consequences to a woman divorced for adultery are so serious (R. L. 2384) that something of a like strictness should be applied in her behalf.

*L. P. Poland* and *E. R. Hard*, for the libellant.

A dismissal "*without prejudice*" is not a bar to a new libel for the same causes. 2 Bish. Mar. & Div. s. 767; Freem. Judg. s. 270; *Thurston* v. *Thurston*, 99 Mass. 39;

Burton *v* Burton.

*Brown* v. *Brown,* 37 N. H. 536; *Ashmead* v. *Ashmead,* 23 Kans. 262; *Gove* v. *Lyford,* 44 N. H. 525.

If the surrejoinder is defective, the defects are of *form* merely.

Argumentativeness, duplicity, uncertainty, and a wrong conclusion, are only defects of form. Chit. Pl. (16th Am. ed.) 66, 251, 260, 585. But the strict rules of pleading applicable to common law cases have not been followed in libels for divorce. 2 Bish. Mar. & Div. s. 345; *Blain* v. *Blain,* 45 Vt. 538; *Shackett* v. *Shackett,* 49 Vt. 195; *Vance* v. *Vance,* 17 Me. 203; 7 Pick. 217.

If the rejoinder is bad in substance, the surrejoinder should be adjudged sufficient, for a demurrer reaches back in its effect through the whole record. Gould Pl. 574; Vt. Dig. 536.

The rejoinder is manifestly and substantially defective in two respects. 1. It attempts, by matter *in pais,* to contradict the accuracy of the record vouched in the replication, by alleging that the words, "without prejudice," were inserted out of court and without proper authority. The record cannot be thus attacked. *Dimick* v. *Brooks,* 21 Vt. 569, 578; *Lapham* v. *Briggs,* 27 Vt. 26, 31.

2. The rejoinder does not answer, or tender any issue under the only material averment of the replication, viz., that the dismissal was without prejudice.

The opinion of the court was delivered by

WALKER, J. In divorce proceedings in this State, but little attention is paid to the pleadings. The procedure in such cases has not been regarded as subject to the rules and forms of pleading that prevail in common law causes. Usually there are no pleadings, even in contested libels. The practice certainly does not require it. Anything that tends to show that the libellant is not entitled to a divorce for the causes alleged, is admitted in evidence; and a former adjudication may be shown in evidence by a copy of record

without special plea. *Shackett* v. *Shackett*, 49 Vt. 195; *Blain* v. *Blain*, 45 Vt. 538.

But inasmuch as the counsel have resorted to common law pleading, and the case comes to this court on the question of pleading, the same must be considered here.

The pleadings close with the defendant's demurrer to the libellant's surrejoinder. As this demurrer reaches back over the whole record to the first defect in substance in the pleading, no defects of form being reached by it, except such as appear in the surrejoinder itself, and are especially noted as causes of demurrer,—we must examine the whole record.

The defendant's plea to the libel sets up in bar, that the very matters of the libel have been once adjudicated upon a like libel of the libellant, setting forth the same causes and facts, brought to the County Court for the county of Chittenden, and there tried and determined upon its merits, with judgment for the libellee dismissing the libel, as appears of record.

The libellant, in his replication, avers in substance that said former libel is not a bar, because he says the dismissal of the former libel mentioned in said plea was a dismissal *without prejudice* to the libellant's rights to bring and prosecute another libel for the same causes mentioned in said previous libel, and vouches the record.

The defendant contends that the replication is not a sufficient answer to the defendant's plea, for the reason that the County Court, in the exercise of the special jurisdiction given it in divorce matters, has no power, after hearing the evidence in a cause, to render and enter a qualified judgment of libel, dismissed without prejudice to the right of the libellant to bring another libel for the causes mentioned in the libel dismissed; and that the addition of the words, *without prejudice,* to the decree of dismissal does not nullify or change the conclusive effect of the dismissal as a judgment upon the merits.

The procedure in both equity and divorce proceedings is clearly opposed to this contention.

In equity a decree dismissing a bill of complaint without restricting words is confessedly presumed to be a judgment upon the merits of the issue tried; and it is universally held, that a decree not restricted by qualifying words, unless made because of some defects in the pleadings or for want of jurisdiction, or some other cause that does not go to the merits, is a final determination and constitutes a bar to any further litigation of the same subject matter between the same parties. And accordingly the general practice has obtained in this country and in England, when a bill in equity is dismissed, without a determination of the merits, for the purpose of giving the complainant the right or privilege, in his election, to take further legal proceedings upon the subject matter of the controversy, for the court to express in its decree that the dismissal is *without prejudice.*

When a dismissal is so qualified, it is never regarded or treated as an adjudication of the merits of the subject in controversy, nor as constituting a bar to further litigation of the same subject matter between the same parties. Freeman on Judgments, s. 270; *Borrowscale* v. *Tuttle,* 5 Allen, 377; *Bigelow* v. *Winsor,* 1 Gray, 301; *Foote* v. *Gibbs,* 1 Gray, 412; *Sewall* v. *R. R. Co.* 9 Cush. 5; *Perine* v. *Dunn,* 4 Johns. Ch. 140; *Neafie* v. *Neafie,* 7 Johns. Ch. 1; *Walden* v. *Bodley,* 14 Pet. 156; *Parrish* v. *Ferris,* 2 Black, 606; *Hughes* v. *U. S.* 4 Wall. 232; *Durant* v. *Essex Co.,* 7 Wall. 107; *Woollam* v. *Hearn,* 7 Ves. 211 b; *Lindsay* v. *Lynch,* 2 Sch. & Lef. 1; *Stevens* v. *Guppy,* 3 Russ. 171; Coop. Eq. Pl. 270; 2 Daniels Ch. Pr. 993-5; *Mills* v. *Mills,* 18 N. J. Eq. 444; *Gove* v. *Lyford,* 44 N. H. 525.

The foregoing cases fully recognize the principle that a judgment dismissing a bill in equity which is qualified by the words " without prejudice " is not an adjudication on the merits of the subject matter in controversy. No au-

Burton *v.* Burton.

thority has been brought to the attention of the court which entertains a different view.

Such a qualified dismissal is in the nature of a discontinuance or nonsuit at law, and it may be entered in the discretion of the court to prevent injustice being done, which might result from an unqualified dismissal.

Cases may at times be so peculiarly circumstanced, after a full hearing of the evidence, even, as to make it manifestly equitable and proper for the court, in order to prevent probable injustice being done, to dismiss the proceeding without prejudice. The power of the court in such cases after hearing the evidence to enter up such a qualified judgment is fully recognized in *Hepburn and Dundas' heirs and executors* v. *Dunlop & Co.* 1 Wheat. 179. Hepburn and Dundas' heirs and executors brought a bill as vendors of a parcel of land against the vendees, Dunlop & Co., seeking a specific performance of the agreement to purchase the land in question and the same was dismissed without any restriction or qualification on account of a defect in the orators' title to the land. Immediately after the dismissal, the defect in the title was removed and the title perfected, and the vendors brought another bill against the vendees seeking a specific performance of the same contract to purchase. The objection was made that the dismissal of the former bill was a bar to the second bill. The court held that the objection was well founded. And also held,—WASHINGTON, J., delivering the opinion of the court,—first, that "when a bill by the vendor of land, seeking the specific performance of the contract to purchase, is dismissed on account of a defect in the title, the doors of a court of equity are and ought to be forever closed against him, notwithstanding he should afterwards have it in his power to make the title good"; and second, that " in a case peculiarly circumstanced, if the court intended to give the complainant further time to complete his title, it should have either continued the first cause or dismissed the bill therein *without prejudice.*"

Such a qualified dismissal in equity is upon authority not conclusive adjudication on the merits of the subject-matter in controversy between the parties, and, therefore, is not a bar to another proceeding for the same cause of action.

Courts of law in the exercise of their special jurisdiction of hearing and determining libels for divorce are properly given as great *discretion* as courts of equity in equity proceedings. The precedents uniformly show that the discretionary power of courts in divorce proceedings in continuing causes and ordering and entering of final decrees against libellants, is very large.

A suit for divorce is different in character from a private action in which the personal rights of the parties alone are concerned. It is one in which the public have an interest, and in the conduct and result of which the best interests of society are concerned.

And these several and important interests must be regarded by the court in the administration of the law. The whole proceedings *necessarily* rest largely in the *judicial discretion* of the court. The statute fairly implies this.

In divorce proceedings in this State, it was held in *Blain* v. *Blain,* 45 Vt. 538, " To be the duty of the court to see that society and the public receive no detriment in proceedings affecting the marital relations of citizens. Petitions for divorce are addressed to the judicial *discretion* of the court; and courts are justified, in some form, in reaching the proof of every essential fact touching the *character* of such relation. The manner of pleading is measureably addressed to the *discretion* of the court."

The rights and interests of society and the public as well as of the parties are in a measure involved in each libel and must not be overlooked. This, of itself, is sufficient reason for the courts exercising this jurisdiction with great discretion and in modes unknown to the common law and in paying little attention to the strict rules of pleading

applicable to common law cases. Such is the procedure in divorce cases not only in this State, but in Massachusetts, New Hampshire, Maine, and several other states where jurisdiction in divorce proceedings is given to courts of law. 2 Bish. Mar. & Div. s. 767; *Thurston v. Thurston*, 99 Mass. 39; *Brown* v. *Brown*, 37 N. H. 536; *Ashmead* v. *Ashmead*, 23 Kans. 262; *Vance* v. *Vance*, 17 Me. 203.

The methods of procedure in many respects are substantially the same in the states named; and the form and effect of a final decree against a libellant in a divorce suit is like that of a decree against a complainant in an equity proceeding.

In *Thurston* v. *Thurston*, 99 Mass. 39, it was held that "in libels for divorce the usual form of a final decree against a libellant is that the libel is dismissed. In this respect it is like a decree against a plaintiff in equity. If it is not intended to be a bar to a new libel for the same cause the decree is that it be dismissed without prejudice."

Such is the recognized rule of practice in this State; and when the libel is in the discretion of the court dismissed without prejudice, it is not a conclusive adjudication on the merits, nor a bar to a new libel for the same cause. The same rule of practice is followed in New Jersey. *Mills* v. *Mills*, 18 N. J. Eq. 444.

The court in its discretion may, after hearing the evidence, continue the cause to another term of court for the purpose of giving opportunity to procure further evidence, which the court, in the discharge of its duty to the public and the parties, deems ought to be heard; or, if the evidence develops such a peculiar state of circumstances as satisfies the court, in view of such duty, that a bill of divorce ought not *then* to be granted and that a dismissal of the libel ought not to be a bar to another libel for the same cause, it may in its discretion dismiss the libel without prejudice. Such a qualified dismissal cannot be attacked collaterally; nor can the reasons of the court for making such an order

of dismissal be inquired into in a second libel for the same cause. It is all within the judicial *discretion* of the court to which the petition for divorce is addressed.

Therefore the libellant's replication vouching the whole record of the dismissal of the former libel as being without prejudice to his right to bring and prosecute another libel for the same cause is a sufficient answer to the defendant's plea.

The defendant, in her rejoinder, says the libellant ought not by reason of anything alleged in said replication to have and maintain his said libel, etc., because she says the "judgment of dismissal of said libel upon its merits was finally rendered, completed, and ended, and entry thereof made upon the docket of the court in said cause, in the words following, viz.: 'Libel dismissed,' and that it was only on an occasion and a day subsequent thereto, to wit, on the 15th day of November, 1884, and a day out of term, and after the adjournment without day of said September Term of said court that the clerk of said court by order of one of the judges of said court added to said original entry of final judgment upon the docket of said cause the words 'without prejudice,' all which was so ordered and done without the presence, knowledge, or consent of the defendant and without any notice to her," etc.

The rejoinder does not answer or tender any issue upon the only material averment of the replication; that is, that the dismissal as shown by the record was *without prejudice.* It attempts to attack the correctness of the record vouched in the replication by the allegation that the words "without prejudice" were added to the judgment of dismissal on a day out of term and after the adjournment of said court *sine die,* and without proper authority. The rejoinder is altogether matter *in pais.* It professes to contradict the record set forth in the replication, which, as it is not denied in the rejoinder, must be taken as a correct description of the record. In thus attempting to contradict the record by

matter *in pais* the rejoinder is faulty. The matter set up to contradict the record is not matter of record, and if denied could not be determined by the court upon an inspection of the record, which is the only mode of trying matters of record. It would necessarily have to be determined by the court or jury upon the testimony of witnesses, which is clearly not allowable. The record is valid and effectual in consequence of its being a judgment of a court of record, and must stand as made and pleaded until vacated or changed by proper proceedings brought for that purpose in the court in which said judgment was rendered. *Newcomb et al.* v. *Peck et al.* 17 Vt. 302; *Dimick* v. *Brooks,* 21 Vt. 569; *Lapham* v. *Briggs,* 27 Vt. 26.

As the defendant's rejoinder is held bad it is not necessary to consider the surrejoinder, to which the defendant demurred, assigning several causes of demurrer; for however bad the surrejoinder, it is a sufficient answer to a bad rejoinder.

The County Court orally allowed the libellant on his oral motion, after the pleadings were closed, and without notice to the defendant, to amend his replication by interlining the words following, viz.: " all of which fully appears and is shown by the record of said court, which the said libellant is ready and offers to produce." The defendant thereupon filed a motion to strike out said amendment; which motion the court upon hearing dismissed; and the defendant excepted thereto.

The County Court had power to allow the amendment, and we cannot revise its exercise of that power. *Skinner* v. *Grant,* 12 Vt. 456; *Bowman* v. *Stowell,* 21 Vt. 309; *Stevens* v. *Hewitt,* 30 Vt. 265; *Waterman* v. *Conn. & Pass. R. R. Co.* 30 Vt. 610.

Neither can the defendant complain, for in her rejoinder she does not attack the replication for its omission to vouch the record.

The judgment of the County Court dismissing said mo-

tion and overruling the demurrer and adjudging the surre-joinder sufficient is affirmed and cause remanded with leave to the defendant to replead.