## JED P. TILLISON *v.* LILLIA M. TILLISON.

*Divorce.   Confession of particeps criminis.   Defenses.   Pleading.*

1.   Upon trial of a libel for divorce on the ground of adultery, letters written by the alleged *particeps crimnnis*, but not known to nor received by the libellee, are not admissible in evidence, although they contain a confession of guilt on his part.

2.   Intolerable severity and refusal to support are a defence to an action for divorce on the ground of adultery.

3.   But where the libellee has preferred her libel for those causes at a previous term, and the same has been, after a trial upon the merits, dismissed, she cannot give in evidence and rely upon as a defence any matter which was or might have been used in the former suit, for as to that the judgment is conclusive, unless the libel is dismissed without prejudice.

4.   In divorce proceedings anything tending to defeat the right of the libellant to a divorce may be shown on trial without pleading.

Petition for divorce on the ground of adultery.   The petitionee filed a counter petition, alleging adultery, intolerable severity, and refusal to support, and the two cases were heard together at the April term, 1890, Taft, J., presiding.   Both libels were dismissed.

The petitioner excepts.

The letters referred to in the opinion were two.   One was written and addressed to a Mr. White, and the other, addressed to the libellee, was enclosed, with the request that White hand it to her.   Instead, he handed them both to her husband, the libellant.

*L. F. Wilbur*, for the petitioner.

When affirmative matter is relied upon in defence the petitioner should be apprised of it by written plea.   *Pastoret* v. *Pas-*

Tillison *v.* Tillison.

*toret*, 6 Mass. 276; *Wood* v. *Wood*, 2 Pai. Ch. 108; 14 Wend. 645; *Smith* v. *Smith*, 4 Pai. Ch. 432; *Vance* v. *Vance*, 17 Me. 203; *Austin* v. *Austin*, 10 Conn. 221; 2 Bish. Mar. and Div. §§ 341, 345, 346; *Turner* v. *Turner*, 3 Greenl. 398; *Restine* v. *Restine*, 4 Rawle 460; *Lewis* v. *Lewis*, 9 Ind. 105; *Morrell* v. *Morrell*, 1 Barb. 318; *Holsten* v. *Holsten*, 23 Ala. 777; *Reid* v. *Reid*, 21 N. J. Eq. 331; 2 U. S. Dig. (N. S.) 364, s. 246; *Stelphon* v. *Stelphon*, 58 Me. 508.

Intolerable severity and refusal to support are not a defence to a petition for divorce on the ground of adultery. *Dillon* v. *Dillon*, 32 La. An. 643; 12 U. S. Dig. (N. S.) 438, s. 10; *Handy* v. *Handy*, 124 Mass. 394.

That issue having been adjudicated in the former trial cannot be again raised in this. *Burton* v. *Burton*, 58 Vt. 414; *Ferd* v. *Ferd*, 98 Mass. 155; *Thurston* v. *Thurston*, 99 Mass. 39; *Lewis* v. *Lewis*, 106 Mass. 309; *Com.* v. *Evans*, 101 Mass. 25; *Vance* v. *Vance*, 17 Me. 203; *Foot* v. *Gibbs*, 1 Gray, 412; Freem. Judg. (2nd. Ed.) § 249.

The letters should have been admitted to show the adulterous disposition on the part of the *particeps criminis*. 2 Bish. Mar. and Div. § 613; *State* v. *Lewis*, 45 Iowa 20; 9 U. S. Dig. (N. S.) 288, 182; *State* v. *Thibeau*, 30 Vt. 100; *Jenne* v. *Joslyn*, 41 Vt. 484; 1 Greenl. Ev. § 111; *Dart* v. *Walker*, 3 Daly 138; 3 U. S. Dig. (N. S.) 260, ss. 90, 92; *State* v. *Larking*, 49 N. H. 39; Rosc. Crim. Ev. 60-3, and 322-4; Am. Cr. Law §§ 702-6, and 2351-55.

*A. V. Spaulding* and *V. A. Bullard*, for the petitionee.

No written plea was necessary.

*Shackett* v. *Shackett*, 49 Vt. 196; *Burton* v. *Burton*, 58 Vt. 414; *Blain* v. *Blain*, 45 Vt. 538.

Cruelty and refusal to support are a legal defence to a charge of adultery in the wife.

Tillison *v.* Tillison.

Bish. Mar. and Div. § 401.

The letters were inadmissible. The libellee never received or knew of them.

*Hill* v. *Pratt*, 29 Vt. 119.

The opinion of the court was delivered by

THOMPSON, J. Under the libellant's offer, the letters were properly excluded. It did not appear that the libellee had ever received them or had any knowledge of their contents. The most that can be claimed is that the letters are in the nature of a confession or criminating admission made by Clarkston, the alleged *particeps criminis*, but such a confession or admission neither made in the presence of the libellee nor communicated to her, is inadmissible. 2. Bish. Mar. and Div. (4th. Ed.) Sec. 642. The letters were not part of any act done by Clarkston by which she could be effected without knowledge of or participation in it. They were not admissible as part of the *res gestæ* as tending to qualify it, for the act done consisted in the writing and sending of the letters to White. *Pond* v. *Pond*, 132 Mass. 219. They had no tendency to prove that the libellee had in fact committed adultery with him. It is contended that they show an adulterous intent on the part of Clarkston, but it is difficult to see how such a construction can be given to them in view of the well established rule that where a party is charged with a crime, or conduct involving moral turpitude, his language and conduct are to receive a construction consistent with his innocence, if fairly susceptible of such construction. But were it conceded that they tend to show an adulterous disposition on the part of Clarkston, they are still inadmissible. The court in discussing this subject in *Pond* v. *Pond, supra*, which was a libel for divorce, says: " That, in an indictment for adultery, or in proceedings similar to the one before us, evidence is admissble of improper familiarity other than those alleged between the parties is settled. So, evidence is admissible of declarations of one party made in the pres-

ence of the other which have the same tendency. But such acts. or declarations are admissible on account of the participation of the party therein, or presumable assent thereto. To allow one to be affected by proof of the adulterous disposition of another, might expose an innocent party to evidence which would be most dangerous in a trial, while it is conceded that, as affecting such party, it would be entirely immaterial, unless participation in it were proved."

2. In her defence to the charge of adultery, the libellee was allowed to introduce evidence tending to prove intolerable severity and refusal to support on the part of the libellant. To the admission of this testimony, the libellant interposed the objection that intolerable severity and refusal to support on the part of the husband are no defence to the charge of adultery on the part of the wife.

By our statute, adultery, intolerable severity and refusal to support, are each a cause for divorce from the bond of matrimony. They are of the same class and degree so far as furnishing a complete cause for divorce. The statute makes no distinction as to the moral quality of the act which it declares to be a ground for severing the marriage ties. All grounds for divorce in this state are of the same nature, viz : statutory causes.

The doctrine of recrimination in divorce cases rests upon the principle that a person shall not be permitted to complain of a breach of a contract which he has himself violated, or of an injury, when he is open to a charge of the same nature ; that he who has violated his marriage vow should be deprived of his remedy of divorce, although his wife is unfaithful. From this it logically follows that proof of any statutory cause for divorce, uncondoned, is a complete defence in a case of this kind, and we so hold. This seems to be consonant with reason and sound public policy. This view has been adopted in Massachutetts. *Hall.* v. *Hall,* 4 Allen 39. *Handy* v. *Handy,* 124 Mass. 394. In New Jersey, the court came to the same conclusion, although

the case turned on another question. *Adams* v. *Adams*, 17 N. J. Eq., 324, (2 C. E. Green.) Under the practice in the English Ecclesiastical Courts, cruelty could not be pleaded in bar to the charge of adultery, but under the Divorce Act, the English Court seems to be inclined to recede from this rule and to adopt the contrary. *Lempriere* v. *Lempriere*, L. R., 1 P. and D. 569.

The libellee brought her libel against the libellant for a divorce on the ground of intolerable severity and refusal to support, and after full hearing, the same was dismissed at the April term, 1883, of the Chittenden County Court. In support of her defence on the ground of refusal to support and intolerable severity on the part of the libellant, she was permitted to introduce the same evidence used by her on the trial of her former libel in April, 1888. In other words, she was permitted to set up as a defence in this case, the same causes alleged in her former libel as grounds for granting her a divorce. This was error. Under her former libel, she could have shown the refusal to support, or any act of intolerable severity on the part of the libellant occurring at any time subsequent to her marriage with him to the date of filing that libel. The issues in that case were whether or not he was guilty of the alleged charges during the time named. The dismissal of that libel was a final judgment on the merits of the case. In Freeman on Judgments (2d Ed.) Sec. 249, speaking of the effect of such a judgment it is said: "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided, as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the litigated purview of the original action, both in respect to matters of claim and of defence." No question is made but what the court had jurisdiction both of the parties and the subject matter of the litigation in the libellee's former suit for a divorce. The judgment in that case until vacated or set aside by proper proceedings, bars the

libellee from setting up the libellant's refusal to support, or any act of intolerable severity on his part committed prior to the commencement of that suit. *Blain* v. *Blain*, 45 Vt. 538 ; *Shackett* v. *Shackett*, 49 Vt. 195 ; *Burton* v. *Burton*, 58 Vt. 414 ; *Fera* v. *Fera*, 98 Mass. 155 ; *Thurston* v. *Thurston*, 99 Mass. 39 ; *Lewis* v. *Lewis*, 106 Mass. 309 ; Freeman on Judgments (2d Ed.) Sec. 313 ; 2 Bish. Mar. & Div. (4th Ed.) Sec. 766.

The court in its discretion could have dismissed the former libel without prejudice, and thus have prevented such judgment from operating as an estoppel. *Burton* v. *Burton*, *supra.*

It was contended on the part of the libellee, that it was within the discretion of the court to permit her to introduce this evidence. There is no reason why the rights of parties under the marriage contract should not rest on as secure a basis as mere property rights. Indeed, there are many reasons why such rights should be more carefully guarded. Nothing has been suggested why a court in its discretion, simply because the case on trial happens to be a divorce case, should be permitted to ignore the effect of a judgment which, on reason and authority, should be held to be conclusive. To so hold might produce a state of affairs which would become intolerable. To entitle the libellant to a divorce under the ruling of the court below, he must not only establish the adultery of the libellee, but also overcome this evidence introduced by her in defence by way of recrimination. He may have made out a case with the exception of overcoming this testimony, hence it was material, under the decision of the court that his libel was not sustained. For error in admitting this evidence, judgment must be reversed, and the case remanded for a new trial.

3. It was not necessary for the libellee to set forth by plea or answer in writing, the refusal to support, intolerable severity or adultery, of the libellant, in order to avail herself of the same as a defence to his libel. In a divorce case anything that tends

Tillison *v.* Tillison.

to show that the libellant is not entitled to a divorce for the causes alleged may be shown in evidence without pleading the same. *Blain* v. *Blain, Shattuck* v. *Shattuck, Burton* v. *Burton, supra.*

*Judgment reversed and cause remanded.*