## SHACKETT *v.* SHACKETT.

### *Divorce.    Practice.*

Procedure in divorce cases in this state, has not been regarded as subject to and ruled by the law, forms, and rules of pleading that prevail and rule in common law cases. It has been practiced and supposed that anything that would disentitle the applicant for divorce to have it granted, might be alleged and shown on hearing, without regard to any particular formality of allegation.

To petition for divorce for refusal to support, adultery, and intolerable severity, it was pleaded by way of estoppel, that upon a former petition by the petitioner, she was adjudged guilty of adultery that had not been condoned. *Held*, on demurrer, that the adultery alleged in the plea was a bar to a divorce for any of the causes set forth in the petition, and that the plea was sufficient, and needed not to allege that there was no condonation by the petitionee after the adjudication pleaded.

PETITION FOR DIVORCE for the causes of refusal to support, adultery, and intolerable severity, alleged to have happened on the first day of September, 1872, and on divers days and times thereafter.

The third plea alleged, that at the June Term, 1872, of Addison County Court, the petitioner brought a petition for divorce against the petitionee, and that on issue joined thereon it was found and adjudged that the petitioner was guilty of adultery with one Hammond in 1865 and 1866 ; that said adultery had not been condoned by the petitionee ; and that said petition ought to be dismissed, as appeared of record, and concluded with a prayer for judgment if the petitioner ought to be admitted or received, against the said record, to plead the matters and things in the said petition in this cause contained.    To this plea the petitioner demurred.    The court, at the December Term, 1875, Addison County, PIERPOINT, C. J., presiding, overruled the demurrer, *pro forma*, adjudged the plea sufficient, and dismissed the petition ; to which the petitioner excepted.

*Henry Ballard* (*Seneca Haselton* with him), for the petitioner, cited *Dorset* v. *Manchester*, 3 Vt. 390 ; *Gray* v. *Pingry*, 19 Vt. 419 ; *Blain* v. *Blain*, 45 Vt. 538 ; *Williamson* v. *Williamson*, 1

---

---

Johns. Ch. 488 ; 1 Chit. Pl. 234 ; Steph. Pl. 316 ; 2 Greenl. Ev.
52 ; 2 Kent Com. 95, 96 ; 2 Bishop Mar. & Div. 78 *et seq.*

*Stewart & Eldridge (E. R. Hard* with them), for the peti-
tionee, cited *Govin* v. *Hancock*, 6 T. R. 603 ; *Smith* v. *Smith*, 4
Paige, 432 ; 2 Greenl. Ev. s. 52 ; 2 Bishop Mar. & Div. s. 75 *et
seq.* ; Bigelow·Estop. 43, 45, 158.

The opinion of the court was delivered by

BARRETT, J. The plea demurred to is in the form of a techni-
cal plea in estoppel. It is claimed that it is˙ defective as such,
because it does not aver that the adultery established by the re-
cord had not been condoned after that adjudication. Procedure
in divorce cases in Vermont, has not been regarded as subject
to and ruled by the law, and forms, and rules of pleading that
prevail and rule in common law causes. It has been practiced and
supposed that anything that would disentitle the applicant for
divorce to have it granted, might be alleged and shown on the
hearing, without regard to any particular formality of allegation.
Unless, in some effectual way, the substance of the intended de-
fense should have seasonably been made known, to enable the
other party to prepare against it, the courts have seen to it, by·
proper orders, that such other party should not suffer undue prej-
udice or embarrassment.

We do not think it warrantable to dispose of the case upon the
point made and urged under the demurrer.

The adultery committed in 1865-6, had not been condoned at
the time of the adjudication in 1872. That adultery was effect-
ual to preclude a divorce in that case. Is it effectual to preclude
the petitioner from obtaining a divorce in this suit ? There is
nothing cognizable under the demurrer from which the law
would imply that the adjudicated adultery had been condoned or
pardoned after said adjudication. If not condoned, it would, in
any event, be effectual to bar a divorce for the cause of adultery
committed by the libelee, whether committed before or after that
adjudication. Whether, if condoned, its effect, as matter of de-
fence, would be thereby abated, is not needful for the court now
to decide.

The libel alleges three statutory causes for divorce — refusal to support — adultery — intolerable severity. Each is a distinct cause, not needing or deriving help from any other. Each, by itself, would have to be maintained by the evidence, in order that it should have any effect towards causing divorce to be granted. As already said, the established adultery of the wife precludes her from divorce for the cause of adultery.

As between husband and wife as immediate parties, the husband is no more under duty to her to maintain her, than she would be under duty to him to abide, and cohabit with, and serve him, if he was committing adultery.

The ground mainly relied on and urged for the divorce is, that for the cause of intolerable severity, the adultery committed by her is not a defence. The husband might not lawfully beat or ill treat his adulterous wife in any way that is regarded by the law as cause for divorce, designated by "intolerable severity." If he should break the law in this respect, he would be duly amenable thereto. But whether such adulterous wife may effectually invoke the courts to loose her from the obligations and relations resulting from her matrimonial contract, where she has committed a criminal breach of the contract, depends on other principles, and involves different considerations. Those principles and considerations have been educed from the books and cases, and are comprehensively, and with careful discriminations, stated and illustrated in 2 Bishop Mar. & Div. ss. 76, 78, 83 to 96.

Without copying or stating, it suffices to say, that upon principle and authority, adultery of the petitioner is a bar to her having a divorce for any of the causes set forth in the petition.

Judgment affirmed.