CASE 40—ACTION BY ABE BOGARD AGAINST ILLINOIS CENTRAL RY. CO.
FOR PERSONAL INJURIES.—OCT. 13.

# Bogard v. Illinois Central Railway Co.

| 116 | 429 |
| 128 | 755 |

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT DISMISSING PLAINTIFF'S ACTION AND HE APPEALS.   RE-
VERSED.

RAILROADS—PERSONAL INJURIES—INDEFINITENESS OF PETITION—TIME,
PLACE AND TRAIN—WHEN COURT SHOULD ORDER BILL OF PAR-
TICULARS.

Held:   1. Where, in an action against a railway company operating
a trunk line through a certain county, with perhaps fifty miles
of track therein, over which in the course of twelve months
thousands of trains passed at all hours of the day and night, and
operated by hundreds of different employes, the complaint alleged
that within the last twelve months the defendant, while engaged
in operating its road in the county, negligently injured plain-
tiff by running its engine and train over him, the court had the
power to require plaintiff to furnish a bill of particulars aver-
ring the time when and place where the accident occurred,
whether during the night or day, and whether inflicted by a
freight or passenger train, on defendant, showing by affidavit
or otherwise that it did not have such information, nor rea-
sonable means of obtaining it; but the court could not require
plaintiff to give the number of the train producing the injury, or
the names of the employes in charge thereof.

HENDRICK & MILLER, ATTORNEYS FOR APPELLANT.

In this action for damages for being run over and knocked
down by one of defendant's engines in McCracken county, plain-
tiff's petition was dismissed on motion of defendant because
it was not specific as to the time and place of the accident, and
the number of the engine and name of the engineer thereon.

We submit that the time and place are not the essence of the
controversy, except to show that the injury was inflicted within
twelve months before the filing of the petition, and in the county
of McCracken, and both of these allegations are made.

If plaintiff could be required to name the day and the exact spot upon which the accident occurred then he could be required to tell the exact train that did it and name the engineer, and this to any reasonable mind is absurd.

If the defendant's employes failed to report to it the time and place of the accident and injury, it is no fault of the pleader and if they did report, then all these facts are in the possession of the defendant.

### AUTHORITIES CITED.

Newman on Pleading, 489; C. & O. R. Co. v. Turner, 18 R., 1087; Com. v. Miller, 79 Ky., 451; Gratz v. Com., 96 Ky., 162; Com. v. Davis, 94 Ky., 612; Cin. Ry. Co. v. Com., 80 Ky., 137; C. & O. Ry. Co. v. Co., 88 Ky., 368; Faustre v. Com., 92 Ky.; 34; Price v. Com., 4 R., 618; 79 Ky., 403; 14 Bush, 51; 84 Ky., 653; 91 Ky., 306; 92 Ky., 227.

WHEELER & HUGHES, J. M. DICKINSON AND PIRTLE & TRABUE, FOR APPELLEE.

We contend that the petition in this case does not contain such notice as is contemplated by the law that the defendant should have in order to prepare its defense.

The petition does not state whether or not plaintiff was an employe of the defendant or whether the injury was done at a public crossing, but the allegations are merely conclusions and nowhere is there any statement of facts to give notice of where or how he claims to have been injured, except that he was injured "within twelve months before October 6, 1902, and in McCracken county."

It seems to us it would be unreasonable to require defendant to bring into court every man employed by it, in a large county, running a large number of trains both ways every day of the year, during the whole year, in order to make its defense to this sort of an allegation. We insist that the plaintiff should be required to at least approximately fix the time and place of the injury.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 7th of October, 1902, the appellant, Abe Bogard, brought suit against the Illinois Central Railroad Company in the McCracken circuit court to recover damages alleged to have been suffered by him by reason of certain alleged

acts of negligence of appellee in the operation of one of its engines and train of cars in McCracken county. The petition is as follows: "The plaintiff, Abe Bogard, says that he is a citizen and resident of the State of Kentucky and County of McCracken, and that the defendant is a corporation authorized by the laws of Kentucky to operate a railroad, and is now, and was at all times hereinafter named, operating and running a railroad in and through the county of McCracken and State of Kentucky, and said defendant is empowered by law to sue and be sued, contract and be contracted with; and heretofore, and within the last twelve months, while engaged in operating and running an engine along its said road in the said county of McCracken, the defendant, without fault or negligence on the part of the plaintiff, carelessly, recklessly, and wrongfully, and by willful, reckless and wrongful act, ran its engine and train upon and against plaintiff, and knocked him down, and greatly bruised and injured his legs, thighs, hips, back, spine, arms, chest, neck and head, and made plaintiff sick and sore for many days, and plaintiff's said injuries are permanent, and he will never recover from some of same; thereby negligently inflicting upon him and causing him to suffer great bodily pain and mental agony, and causing him to lose much valuable time, and to incur doctor's bill to the amount of $25; and by said collision, caused by the negligence and wrongful act of defendant running its engine aforesaid upon plaintiff, he has been damaged in the sum of two thousand dollars ($2,000). Wherefore he prays judgment against the Illinois Central Railroad Company for $2,000, his costs herein expended, and for all proper relief." The railroad company, at the appearance term of the action, moved the court in writing to require the plaintiff, in addition to the facts alleged in his petition, to state

the date of the injury complained of, the point where it occurred, the number of the train producing it, and the parties in charge thereof. Over the objections of plaintiff, the motion was sustained, and, declining to plead further, his petition was dismissed without prejudice, and he has appealed to this court.

The only question which arises upon the present appeal which is reviewable in this court is whether or not the court below had the power to grant the application of the defendant, and, if so, whether the facts in the case justified their exercise herein. If it has exceeded its authority, we have jurisdiction, and it is our duty to correct the error of law. There is no uncertainty or indefiniteness with respect to the nature of the charge made against the defendant. The difficulty under which the defendant claims to labor is that the plaintiff has not sufficiently specified the facts as to the time and place where the alleged acts of negligence occurred to enable it to intelligently defend the action. The defendant operates a trunk line through McCracken county, and it has perhaps fifty miles of track within the county. In course of twelve months thousands of trains pass over its road, operated by hundreds of different employes, at all hours of the day and night. The plaintiff necessarily has information as to the time and place of the accident, whether it was day or night, whether the injury was inflicted by a freight or passenger train; and a state of case might exist when it would be impossible for the defendant to secure this information, so necessary for the proper conduct of its defense. When such a case arises, the trial court has inherent power to require such information to be furnished. This question was very fully considered in the case of Commonwealth v. Snelling, 15 Pick., 321. The opinion in that case was delivered by Chief Jus-

tice Shaw. It was held that where a person is indicted for .a libel containing general charges of official misconduct .against a magistrate, the court was authorized to require him previously to the trial, in case he intended to give the truth of the publication in evidence, to file a bill of par- ticulars specifying the instances of misconduct which he proposes to prove. After a thorough review of all the au- thorities, he says: "The general rule to be extracted from these analogous cases is that where, in the course of a suit, from any cause, a party is placed in such a situation that justice can not be done in the trial without the aid of the information to be obtained by means of a specification or bill of particulars, the court, in virtue of the general author- ity to regulate the conduct of trials, has power to direct such information to be seasonably furnished, and in authen- tic form." In Tilton v. Beecher, 59 N. Y., 176, 17 Am. Rep., 337, in an action of "crim. con.," the application of the de- fendant for a bill of particulars was refused by the trial court on the ground of want of power to grant the bill. Upon appeal to the Appellate Court of New York it was held that the court below had the power to grant a bill of particulars. The opinion in that case was written by Judge Rapello, and, after a most exhaustive review of the authorities, English and American, bearing upon the ques- tion, said: "In action upon money demands consisting of various items, a bill of particulars of the dates and de- scription of the transactions out of which the indebtedness is claimed to have arisen is granted almost as a matter of course; and this proceeding is so common and familiar that, when a bill of particulars is spoken of, it is ordinarily un- derstood as referring to particulars of that character. But it is an error to suppose that bills of particulars are con-

fined to actions for the recovery of money demands arising upon contract. A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of pleading. They have been ordered in actions of libel, escape, trespass, trover and ejectment, and even in criminal cases, on an indictment for being a common barrator, on an indictment for nuisance," etc., and concludes as follows: "A reference to a few of the authorities upon which these decisions were founded will show that in almost every kind of case in which the defendant can satisfy the court that it is necessary to a fair trial that he should be apprised beforehand of the particulars of the charge which he is expected to meet the court has authority to compel the adverse party to specify those particulars so far as in his power." A full discussion of the law applicable to motions of this character is found in 3 En. of P. & Pr., 517. The author says: "There is no inflexible rule as to the class of cases in which a bill of particulars will be granted, but it rests within the sound judicial discretion of the court, to be exercised only in furtherance of justice." "But the rule is quite well established that a party will not be obliged to furnish facts already known to his adversary, nor when the means of ascertaining the facts are equally accessible to both parties." We are of the opinion that, upon a proper showing that defendant did not have the information, or the means of readily ascertaining the time when and place where the accident occurred, and whether it occurred during the day or night, or was inflicted by a freight or passenger train, that the plaintiff should be required to furnish such information, if in his power. But it is not necessary or proper in an action

for personal injuries that the petition should set out specifically the injuries complained of, or the details of the alleged acts of negligence of the defendant in inflicting the injury. In our opinion, the trial court erred in sustaining the motion to require the plaintiff to give the number of the train producing the injury, or the names of the parties in charge thereof. It is not at all probable that such information is in his possession, and, if the identity of the train inflicting the injury is established, the means of ascertaining these facts are more accessible to the defendant than to the plaintiff. Nor should the motion have been sustained at all without some showing by the defendant by affidavit or otherwise that it did not have the required information, or reasonable means of obtaining it.

The judgment of dismissal is therefore reversed, and cause remanded for proceedings not inconsistent with this opinion.