CASE 71.—PROSECUTION AGAINST THE CHESAPEAKE &
OHIO RAILWAY CO. FOR CREATING A NUISANCE
BY PERMITTING ITS TRAINS TO BLOCK A PUBLIC
STREET.—April 15.

## Commonwealth v. C. & O. Ry. Co.

128    749
f138     6

### Appeal from Clark Circuit Court.

### J. M. Benton, Circuit Judge.

From a judgment dismissing the indictment on de-
murrer the Commonwealth appeals—Reversed.

1.  Indictment—Sufficiency—Time of Offense.—Cr. Code Prac. sec-
    tion 124, provides that an indictment must be direct and cer-
    tain as regards the party charged, the offense charged, the
    county in which the offense is committed, and the particular
    circumstance of the offense charged, if they be necessary to
    constitute a complete offense.   An indictment charged that
    defendant, owning and operating a railroad in C. county and
    the city of W., unlawfully permitted its cars to be placed
    across M. street in said city for an unreasonable length of
    time, thereby obstructing the street and rendering it dan-
    gerous, etc.   Held, that the indictment met the requirements
    of the statute, and was not fatally defective on demurrer, and
    the Commonwealth was not required to state the exact day,
    or time of day, the offense was committed, or the character
    of the train, or the direction in which it was headed.
2.  Same—Bill of Particulars—Propriety—Necessity.—While a bill
    of particulars in criminal cases is not usual, it may be re-
    quired in the sound discretion of the trial court, and, where
    defendant was indicted for creating a nuisance by permitting
    its trains to stand across a public street in the city of W.,
    but the indictment did not charge the time of day when the
    particular offense was committed, defendant having run many
    trains through that street within the time in which an in-
    dictment for that offense might be brought, and another in-
    dictment against defendant for the same offense having been

pending, a bill of particulars by the Commonwealth, stating the time and day on which the particular offense occurred, was properly ordered, but it was error to require the Commonwealth to respond to the motion therefor until it could ascertain the particular facts to be relied upon by it in the prosecution.

3. Same.—In a prosecution of defendant railroad for unlawfully creating a nuisance by permitting its cars to stand across a public street in the city of W., the law does not require the Commonwealth to give facts which are within the knowledge of the other party, or to give the particular hour, day, or week in which the offense was committed, or the particular train or number of it, unless the witnesses can remember these facts; it being only required to make an honest effort to give defendant the necessary information to enable it to know as far as possible the particular acts charged.

JAMES BREATHITT, Atty. Genl., THEO. B. BLAKEY, Asst. Atty. Genl., T. B. McGREGOR, CHAS. H. MORRIS and B. A. CRUTCHER for Commonwealth.

D. L. PENDLETON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This appeal is from a judgment sustaining a demurrer to and dismissing the following indictment (omitting the formal parts): "The grand jury of Clark county, in the name and by the authority of the Commonwealth of Kentucky, accuse the Chesapeake & Ohio Railway Company of the offense or suffering a nuisance committed as follows, viz: That the said Chesapeake & Ohio Railway Company on the 12th day of September, 1907, in the county aforesaid, and at a time other than mentioned in indictment No. 1 and within twelve months before the finding of this indictment, it, the said Chesapeake & Ohio Railway Company; being a corporation incorporated under the laws of the state of Virginia, and owning and operating a railroad in and through the county of Clark and

the city of Winchester, in said county, did unlawfully and wilfully suffer and permit its cars attached to passenger and freight trains belonging to said railway company to be placed on and across Main street, in the city of Winchester, Kentucky, it, the said Main street, being then a public highway, and did suffer and permit said cars to be and remain on and across said Main street for an unreasonable length of time, thereby obstructing said street, and rendering travel along said street dangerous and unsafe, to the common nuisance of all the citizens of the Commonwealth of Kentucky, and especially to persons living on and in the neighborhood of said street and passing and repassing along same, against the peace and dignity of the Commonwealth of Kentucky." The defendant (appellee) moved the court to require the Commonwealth to make the indictment more definite so as to show the day and time of day, the character of train, and the direction in which the train was headed which obstructed Main street, as alleged therein. The court sustained this motion. The Comonwealth's attorney filed a statement as follows: "The undersigned states that he is unable to give the time of the committing of the alleged nuisance as mentioned in indictment No. 2 against the Chesapeake & Ohio Railway Company more definite than that it was only three or four days before the 12th day of September, 1907." The defendant (appellee) filed a demurrer to this statement, which the court sustained, and entered the following order: "The attorney for the Commonwealth declines to make the statement more definite, and, the court being of the opinion that the defendant is entitled to a more definite statement in order to be able to defend this case, it is now ordered that the indictment herein be dismissed, to which ruling the Com-

monwealth objects and excepts, and 'prays an appeal
to the. Court of Appeals, which is granted.''. The
only questions involved on this appeal are the suffi-·
ciency of the indictment, and whether the court, in
its discretion, should have granted appellee's motion
for a bill of particulars.

Section 124 of the Criminal Code of Practice pro-
vides: ''The indictment must be direct and certain as
regards: (1) The party charged. (2) The offense
charged. (3) The county in which the offense was
committed. (4) The particular circumstances of the
offense charged, if they be necessary to constitute a
complete offense.'' The indictment under considera- .
tion meets the requirements of this section. The party
charged with committing the offense is specifically
named; and it is charged that the defendant had suf-
fered and permitted its cars to be and remain on and
across Main street, and rendered the travel along the
street dangerous, to the common nuisance, etc. The
offense was alleged to have been committed in Clark
county and in the city of Winchester. There were no
other circumstances necessary to be alleged to con-
stitute a complete offense. The suffering and 'per-
mitting cars to remain across Main street, which ob-
structed travel thereon, completed the offense. The
Commonwealth was not required to state in the in-
dictment the particular day or the time of day, or
the character of the train, or the direction in which
the train was headed which obstructed the street.
To require the Commonwealth to allege and prove
these particular facts and circumstances would in
most cases relieve defendants from conviction for
such offenses. The indictment in the case of the
Louisville & Nashville R. R. Co. v. Commonwealth,
117 Ky. 350, 78 S. W. 124, 79 S. W. 275, 25 Ky. Law

Rep. 1442, 1452, was as follows: ''The said Louis-ville & Nashville Railroad Company in the said county of Hopkins, on the 16th day of May, 1903, and on many other days before the finding of this indictment, did create, 'suffer, and maintain a common nuisance in the city of Earlington, Hopkins county, Kentucky, by placing and running railroad cars, flats, box cars, and steam engines, and making up trains and switch-ing cars and changing cars unnecessarily and for un-reasonable lengths of time in, on and across a public street and highway of said city of Earlington where the track and side track of said railroad company crosses said street· or highway. near said railroad company's depot in said city, thereby obstructing said public street and highway for unreasonable lengths of time, and causing the people who pass over and drive teams over said public street and highway great inconvenience and trouble and·delays, and making and causing said street and highway at said crossing to be dangerous·and unsafe to all people traveling along same, and to the common nuisance of all the people of the Commonwealth.'' The defendant in that case was convicted, and on appeal the case was reversed because the indictment was defective, in that it failed to name the street of· Earlington which was ob-structed. The indictment in that case was equally as indefinite in the matters referred to as the indictment in this case; but the defect for which the case was reversed is not in the indictment· before us, for it is charged that the obstruction was of Main street in the city of Winchester, Clark county, Ky.

In the case of C.·& O. Ry. Co. v. Commonwealth, 88 Ky. 370, 11 S. W. 87, 10 Ky. Law Rep. 919, two indictments were found against defendant on the same day charging it with obstructing a certain road with

its cars. Each charged that the offense was commit-
ted at the same time, substantially in the same lan-
guage. The defendant was acquitted under one of
the indictments, and, being placed on trial under the
other, pleaded the judgment in the former case in
bar. It was held that the judgment under the first
indictment was not a bar to a proceeding under the
second, unless the same obstruction which was relied
on in the second case was proven or attempted to be
proven in the first case. The court said: "It is true
'the indictments were found upon the same day; they
were for the same character of offense; they covered
the same period of time, because the statutory limi-
tation under our law to such a prosecution is one year;
but the time named in them as being that when the
offense was committed was not material, and each
obstruction was a distinct offense. The State was
not confined to any particular time, but had the right
to show that the appellant had so offended at any
time within a year previous to the finding of the in-
dictment. This being so, a conviction or acquittal
would not ipso facto bar another indictment found at
the same time and charging the same character of
offense. Whether the same act was proven or at-
tempted to be proven upon the trial of the other one
would be a question of fact; and the first trial would
only be a bar to a further prosecution for such
offenses as were then proven or attempted to be
proven. This would, of course, have to be shown by
extrinsic evidence." In the same opinion the court
further said: "In this character of case the State
could, upon the trial of one indictment, select one
particular act or offense and proceed for it; and un-
der the other indictment, although found at the same
time, it could prove a different one." This was

quoted with approval in the case supra. See, also
the case of Illinois Central R. R. Co. v. Common-
wealth, 104 Ky. 364, 47 S. W. 255, 20 Ky. Law Rep.
748, 990. The indictment therein was very similar to
the indictment in the case at bar. The court held
the indictment in that case sufficient, except that it
was not alleged whether the obstruction was within
the city limits or not. The indictment in the case at
bar is not defective in this respect. These cases are
conclusive of the first question under consideration.

The remaining question is: Did the court err in re-
quiring the Commonwealth to file a bill of particulars?
This practice has not been usually resorted to in this
State, but it is authorized in certain cases by 1 Bishop
on Criminal Procedure, section 643, which is as fol-
lows "An indictment which the court cannot pro-
nounce ill may still be deemed wanting in detail of
which the defendant is justly entitled to be informed
before trial. In such a case the judge, if applied to,
orders a written specification of the things, called
sometimes a "bill of the particulars," to be filed with
the papers in the cause; and, on the trial restricts the
prosecuting officer in his evidence to the items therein
set down. The application for it is addressed solely
to the discretion of the court. Hence its decision
thereon is not generally subject to revision by a
higher tribunal." See, also, the case of Bogard v.
Illinois Central R. R. Co., 116 Ky. 429, 76 S. W. 170,
wherein this court quoted with approval from the
case of Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep.
337, in part, as follows; " 'A bill of particulars is
appropriate in all descriptions of actions where the
circumstances are such that justice demands that a
party should be apprised of the matters for which he
is to be put for trial with greater particularity than

Commonwealth v. C. & O. Ry. Co.

is required by the rule of pleading. They have been ordered in actions of libel, escape, trespass, trover, and ejectment, and even in criminal cases, on an indictment for nuisance,' etc., and concludes as follows: 'A reference to a few of the authorities upon which these decisions were founded will show that in almost every kind of case in which the defendant can satisfy the court that it is necessary to a fair trial that he should be apprised beforehand of the particulars of the charge which he is expected to meet the court has authority to compel the adverse party to specify those particulars so far as in his power.' " In 3 E. of P. & Pr. 517, the author says: "There is no inflexible rule as to the class of cases in which a bill of particulars will be granted, but it rests within the sound judicial discretion of the court, to be exercised only in furtherance of justice. But the rule is equally well established that a party will not be obliged to furnish facts already known to his adversary, nor when the means of ascertaining the facts are equally accessible to both parties." In the case before us, appellee was indicted for a nuisance created by leaving its train of cars across a main street in a town. The affidavit filed by appellee with its motion for a bill of particulars stated that within a year before the finding of this indictment and the other referred to appellee ran a number of trains each day over and across said Main street, and that unless the defendant is informed as to the day and time of day when the alleged obstruction occurred, and the train which obstructed the street is described, it cannot properly make a defense. We realize under the circumstances, the necessity for a bill of particulars in this case. Appellee had another indictment pending against it for a similar offense, and many trains had been run over and across

this street within the year preceding the finding of the indictment. It was reasonably certain that appellee could not know in advance what particular offense or act would be relied upon by the Commonwealth in making out a case against it, as the Commonwealth had a right to prove any act of obstructing Main street within a year next preceding the finding of the indictment, and the court did not abuse its discretion in sustaining the motion for a bill of particulars. The court, however, should not have required the prosecuting attorney to respond to this motion until the Commonwealth had obtained the presence of its witnesses, from whom it could ascertain the particular facts to be relied upon by it in the prosecution. The law does not require the prosecution to give facts which are within the knowledge of the other party, nor to give the particular hour, or day or even week in which the offense was committed, nor the particular train or number of it, unless the witness can remember same. The law only requires an honest effort, on the part of the prosecution, to obtain and give to the defendant all the necessary information that it reasonably can, to enable it to know, as far as possible, the particular act or acts relied upon by the prosecution for a conviction.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.