STATE *v.* WESLEY NORTH AND LUCY WESTON.

January Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 7, 1916.

*Criminal Law—Adultery—Information—Sufficiency—Failure to*
*Allege Time—Jurisdiction As Affected Thereby—P. S. 2272*
*—Construction and Validity—Circumstantial Evidence in*
*Adultery—Sufficiency—Mistake in Charge as to Time of*
*Offence—Harmless.*

Failure of an information charging adultery to allege the time of the
commission of the crime is only a formal defect, and so within
P. S. 2263, providing that "objections to a complaint, information,
or indictment, for a formal defect apparent on the face thereof,
shall be taken by demurrer, or motion to quash, before the jury is
sworn."

In P. S. 2272, providing that no information shall be held bad, nor the
trial, judgment, or other proceedings thereunder be affected, by
reason of designated defects, among which is, "omitting to state
the time at which the offence was committed in any case where
time is not the essence of the offence, * * * or for want of a
proper or perfect venue, *where it shall appear by the complaint,*
*information, or indictment, that the court has jurisdiction of the*
*offence,*" the italicized clause applies only to the want of an im-
perfect venue, and does not limit the effect of the clause regard-
ing the failure to state the time.

An allegation in an information of the time of the commission of the
crime charged, where time is not of the essence of such crime, is
not jurisdictional, for the right of the court to render judgment in
such a case does not depend on whether the information shows or
fails to show an allegation of such time.

P. S. 2272, in providing that an information shall not be bad, nor the
proceedings thereunder affected, because of failure to allege the
time of the commission of the crime charged, where time is not
of the essence of the offence, is not invalid as to one charged with
adultery, as violative of the constitutional provision entitling one
accused of a crime to be informed of the cause and nature of the

accusation, because time is not of the essence of that offence, and an information charging that crime, without an allegation of the time of its commission, but otherwise good, fully informs the accused of the cause and nature of the accusation.

Adultery may be proved by circumstantial evidence, the rule being that such facts and circumstances must be proved as of their own nature and tendency satisfy the jury beyond a reasonable doubt that the act charged has been committed, and it is not necessary to establish a previous adulterous disposition.

In a trial of two for adultery, where the court instructed, "if you find these facts, you must find from these facts that they had an adulterous inclination," an exception to the supposed instruction that "from these facts you *may* find an adulterous inclination" did not call the court's attention to any error in the inadvertent use of the imperative auxiliary, and so did not reserve that question.

Where an information charged the commission of adultery on March 31, and there was evidence tending to show that respondents did not enter the bedroom wherein the alleged offence was committed until 2 o'clock in the morning of April 1, the instruction that all the evidence tended to show the offence to have been committed on March 31 was not prejudicial to respondents.

INFORMATIONS severally charging each respondent with committing adultery. Several pleas, not guilty. Joint trial by jury, with the consent of the respondents, at the March Term, 1915, Washington County, *Stanton,* J., presiding. Verdict of guilty as to both respondents, and judgment thereon as against respondent North, but judgment arrested as to respondent Lucy Weston, because there is no allegation of time in the information against her. The State excepted to the ruling arresting that judgment. The opinion states the case.

*Fred E. Gleason,* State's Attorney, for the State.

*Richard A. Hoar* and *Alland G. Fay* for the respondent.

MUNSON, C. J. The respondents in these two cases, whose exceptions have been heard together, were tried together with their consent, on informations which severally charged each with committing adultery with the other. There was a verdict of guilty as to both, and judgment thereon against Wesley North.

There was no allegation of time in the information against Lucy Weston, and judgment was arrested as to her because of this defect. The State excepted to the ruling.

Section 2263 of the Public Statutes, first enacted in 1870, provides that "objections to a complaint, information or indictment, for a formal defect apparent upon the face thereof, shall be taken by demurrer, or motion to quash, before the jury is sworn"; and authorizes the court to have an amendment thereof made forthwith. The respondent contends that the want of an allegation of time is a defect of substance, and so not within the requirement of this section. But failures in regard to allegations of time were classed by our Court as formal defects before this provision was enacted. *State* v. *LaBore,* 26 Vt. 765; *State* v. *Litch,* 33 Vt. 68. And they have usually been so classed in other jurisdictions. *Com.* v. *Wolcott,* 110 Mass. 67; *Com.* v. *Hill,* 2 Pears. (Pa.) 432; *People* v. *Kelley,* 6 Cal. 210; *State* v. *Arnold,* 107 N. C. 861, 11 S. E. 990; *Com.* v. *C. & O. Ry. Co.,* 128 Ky. 749, 110 S. W. 253; *State* v. *Sammons,* 95 Ind. 22.

P. S. 2272 provides that no complaint, information or indictment, shall be held bad, nor the trial, judgment or other proceedings thereon be affected, by reason of any of certain specified omissions or defects, among which is, "omitting to state the time at which the offence was committed in any case where time is not the essence of the offence." The section concludes with the words, "where it shall appear by the complaint, information or indictment, that the court has jurisdiction of the offence"; and the respondent treats this provision as limiting the effect of the clause regarding the failure to state the time. But the frame and punctuation of the section as originally enacted show plainly that these words were intended to apply only to the defect therein last before mentioned—the want of a proper and perfect venue. Acts 1882, No. 86, §1.

These considerations, if accepted as conclusive, leave no ground for the respondent's further argument, that an allegation of time is necessary to bring the offence within the statute of limitations, and so within the jurisdiction of the court. But we think the question presented by the want of this allegation is not jurisdictional. We are aware that Judge Collamer says in *State* v. *Bacon,* 7 Vt. 219, that when the indictment fails to show when and where the offence was committed it is impossible

to say whether the court has jurisdiction of the crime; but the opinion proceeds at once to consider the element of venue. Before the statute of 1870, a precise allegation of time was held to be essential, but it was never held that the date alleged must be the true time. *State* v. *O'Keefe,* 41 Vt. 691. The right of the court to render judgment does not depend upon whether the information shows or fails to show an allegation of time. The question in either case is whether the proof shows an offence within the statutory period. *State* v. *Whipple,* 57 Vt. 637; *United States* v. *Cook,* 17 Wall, 168, 21 L. ed. 538.

But the respondent contends that if the statute is thus construed it violates the provision of our constitution which entitles one accused of crime to be informed of the cause and nature of the accusation. It is clear that an allegation of time which would have complied with the law as it stood before the passage of this statute, would have added nothing to the knowledge conveyed to the respondent by the information as framed. She was fully informed of the cause and nature of the accusation. See *State* v. *Noakes,* 70 Vt. 247, 40 Atl. 249. It is certain that time is not of the essence of the offence charged. The same question has been raised in other jurisdictions having the same statutory and constitutional provisions, and the validity of the statutes has been sustained. *Ketline* v. *State,* 59 N. J. L. 468, 36 Atl. 1033; *Thompson* v. *State,* 25 Ala. 41.

So the court erred in sustaining the motion of Lucy Weston in arrest of judgment. It remains to consider the exceptions taken during the trial by respondents' counsel. The questions presented are applicable to both respondents.

Respondents' counsel claimed that an act of adultery could not be established by circumstantial evidence, without proof of a previous mutual adulterous inclination; and saved the question by a motion for a directed verdict, by a request to charge, and by exceptions to the charge as given. It is urged in support of this claim that there was nothing in the testimony regarding the previous acquaintance of these parties that indicated any improper intimacy or adulterous disposition. This position may have been taken in view of certain evidence regarding the previous relations of the parties in *State* v. *Brink,* 68 Vt. 659, 35 Atl. 492. But the rule is simply that such facts and circumstances must be proved as of their own nature and tendency satisfy the jury that the act charged has been com-

mitted. *State* v. *Kimball,* 74 Vt. 223, 227, 52 Atl. 430. The evidence showing the circumstances under which these parties met in Montpelier, and went together to Barre and to the house of Mr. LaFountain, and the facts that they presented themselves there as man and wife, and went to a bedroom together for the night, were sufficient evidence of their inclination and purpose.

It appears that in charging the jury regarding the bearing of these facts and circumstances the court used the words: ''If you find these facts, you must find from these facts that they had an adulterous inclination.'' The respondent's brief treats this, not as the statement of a further fact which the jury must find in order to convict, but as the statement of a conclusion which necessarily followed from the facts previously stated, if found; and the last is perhaps the most natural meaning. Taking this to be the meaning, the maker of the brief claims serious injury from the use of the word ''must.'' But the counsel who took the exception did not understand that this word had been used, for the exception taken was to the instruction that ''from these facts you *may* find an adulterous inclination.'' If the instruction given was made erroneous by an inadvertent use of the imperative auxiliary, there was nothing in the exception to call the judge's attention to what he had said.

The information charged the offence as committed on the 31st day of March, and the jury was told that all the evidence tended to show that the offence was committed on that date. The respondents excepted to this statement on the ground that the evidence tended to show that they did not go to the bedroom until after two o'clock in the morning. The court said nothing to this, except that it made no difference; whereupon the respondents' counsel claimed that it did, in connection with the respondents' testimony as to this being an April fool joke. The court said nothing further; and we are quite sure, from a perusal of the transcript, that the respondents lost nothing by the court's failure to direct the attention of the jury to this feature of their testimony.

The respondents excepted to certain remarks made by the State's attorney in argument with reference to matters which appeared in evidence; to the failure of the court to apply an abstract proposition of law to the facts in the case; to the failure of the court to mention in its review of the evidence certain matters testified to by the respondents; and to its failure to
9

comply with certain requests as fully and specifically as it should.   We do not deem it necessary to take up these exceptions in detail.   We have examined them carefully, and find no ground for reversal.

In the case of Lucy Weston :

*Judgment in arrest reversed, judgment of guilty rendered, and sentence imposed.*

In the case of Wesley North :

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*