OLIVETTE C. WALKER *v.* GROVER C. WALKER.

GROVER C. WALKER *v.* OLIVETTE C. WALKER.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, J.J.

Opinion filed November 11, 1918.

*Divorce—Evidence Sufficient to Support Finding of Adultery— Discretion of Court—Amendment of Petition—Defence— Recrimination—Adultery Bar to Divorce.*

In a husband's suit for divorce, evidence that his wife went to dances with one J., that she told her husband she loved J. and was going around with him if she wanted to, that one night she and J. went to a hotel, registered under assumed names, and spent the night in the same room containing one bed, is sufficient, as circumstantial evidence, to support a finding of adultery.

In a wife's suit for divorce on the ground of refusal to support, wherein her husband filed a cross petition on the ground of adultery, it was not an abuse of its discretion, for the court, near the close of all the evidence, to refuse to allow her to amend her petition by setting up intolerable severity as a ground for divorce.

In such a suit, the wife can defend against her husband's petition by way of recrimination, without an amendment of the pleadings.

Adultery by the wife, without condonation, is a bar to her obtaining a divorce on any ground.

PETITION by Olivette C. Walker for a divorce on the ground of refusal to support, and cross petition by Grover C. Walker for a divorce on the ground of adultery. The cases were heard together at the October Term, 1917, Windsor County, *Fish,* J., presiding. The court dismissed the petition of Olivette C. Walker, and granted a divorce to Grover C. Walker on the ground of adultery. Olivette C. Walker excepted. The opinion states the case.

*Herbert G. Barber, Frank E. Barber* and *C. Menzies Miller* (on the brief) for Olivette C. Walker.

The rule is clearly laid down that the measure of proof of adultery is a preponderance of the testimony, weighing the presumption of innocence in favor of the party accused. *Lindley* v. *Lindley,* 68 Vt. 421; *Taft* v. *Taft,* 80 Vt. 256.

The finding of adultery as made is not conclusive, for it will appear upon examination that the whole testimony was clearly and legally insufficient to support the judgment of the court. *Emerson* v. *Young,* 18 Vt. 603. And will be set aside upon that account. *Burdick* v. *Champlain Glass Co.,* 11 Vt. 19.

*Herbert H. Blanchard* and *Herbert G. Tupper* for Grover C. Walker.

If there was any evidence tending to prove adultery, its weight and sufficiency were for the trial court and cannot be revised by this Court. *Taft* v. *Taft,* 80 Vt. 256; *Kelton* v. *Leonard,* 54 Vt. 230; *Thayer* v. *Cen. Vt. R. Co.,* 60 Vt. 214; *Lewis* v. *Roby,* 79 Vt. 487; *Parsons* v. *Parsons,* 68 Vt. 95; *Burdick* v. *Champlain Glass Co.,* 11 Vt. 19.

Adultery may be proved by circumstantial evidence both in civil and criminal cases. The only general rule that can be laid down upon the subject is that the circumstances may be such as will lead the guarded discretion of a reasonable and just man to the conclusion that the alleged act was committed. *Taft* v. *Taft,* 80 Vt. 256; 2 Bishop on Marriage, Divorce and Separation, Secs. 1351, 1357; *Commonwealth* v. *Clifford,* 145 Mass. 97; *Thayer* v. *Thayer,* 101 Mass. 11, 100 Am. Dec. 110; *State* v. *Brink and Gibbs,* 68 Vt. 659.

It has been uniformly held by this Court that amendments to pleadings are within the discretion of the trial court, and a case will not be reversed on account of the ruling of the trial court unless there has been a manifest abuse of discretion. *Chase* v. *Watson,* 75 Vt. 385; *Lamoille County National Bank* v. *Hunt,* 72 Vt. 357; *Burton* v. *Burton,* 58 Vt. 414; *Bent* v. *Bent,* 43 Vt. 42.

HASELTON, J. We have here two petitions for divorce tried together in county court and heard together here. Olivette C. Walker petitioned for a divorce from her husband, Grover C. Walker, on the ground of refusal to support. Her petition was denied. Grover C. asked for a divorce from his wife Olivette C. on the ground of adultery. His petition was granted. Olivette

C. brings exceptions. She claims, as the vital question in the cases, that the testimony was not sufficient in law to support the finding by the court of adultery on her part. The testimony is referred to, and it tended to show the following facts: Mr. and Mrs. Walker lived in Springfield in this State. About the latter part of September, 1916, Mrs. Walker became acquainted with one Johnson. Thereafter she went to dances with him at Bellow Falls, Springfield, and Claremont. She ran around with Johnson considerably, told her husband that she hated him and liked Johnson, and that if she felt like going around with Johnson she would. March 17, 1917, Mrs. Walker and Johnson attended a dance at Bellows Falls. From the dance hall they went to the Hotel Rockingham and spent the night in the same room containing only one bed. To bring about this opportunity they registered as man and wife, and the evidence tended to show that both understood how they were registered. Not only did they register as man and wife but they registered under an assumed name. These facts were amply sufficient as circumstantial evidence to support a finding of adultery. *Taft* v. *Taft,* 80 Vt. 256, 67 Atl. 703, 130 Am. St. Rep. 984, 12 Ann. Cas. 959; *Lewis* v. *Roby,* 79 Vt. 487, 65 Atl. 524, 118 Am. St. Rep. 984; *Lindley* v. *Lindley,* 68 Vt. 421, 35 Atl. 349; *State* v. *North,* 90 Vt. 125, 128, 96 Atl. 702; *State* v. *Brink,* 68 Vt. 669, 35 Atl. 492.

Mrs. Walker and Johnson both testified, and both admitted staying together in the same bed room at the hotel on the night of March 17, 1917, but both denied having sexual intercourse. They testified that Johnson was taken suddenly ill at the dance in question, and was in great pain, and that thereupon they went to the hotel and registered and occupied the same bed-room during the night, she making cold applications upon him throughout the night as for appendicitis, upon his statement to her that such was his trouble. He testified that he told her he was suffering from appendicitis, but on trial he testified that that was not so, but that he was suffering from stricture following gonorrhea. Evidence was introduced tending to show the improbability of sexual intercourse if his condition was as he claimed it to have been. No one at the hotel was informed of his alleged suffering, no doctor was called. The next morning, without waiting for breakfast, they took the train for Springfield, arriving there at noon or a little after. The following day,

which according to the calendar was Monday, Johnson did a little work, but on the Friday following he went.to a hospital in Rutland and was there operated upon. He testified that the operation was for stricture, and was made by an incision through the bladder. After the operation, Mrs. Walker, his companion of the night in question, went to Rutland to be with him, and stayed there three days, visiting him much as a friend, but having nothing to do with nursing him.

Counsel for Mrs. Walker claim that the testimony of Mrs. Walker and Johnson was such that there was really no conflict in the evidence, and no ground for the finding of adultery. But it is no new thing for people charged with crime to deny it, and to invent circumstances to make their denial probable. It was for the court to weigh all the evidence together, and we are convinced and hold that the whole evidence so taken warranted the finding of the trial court as to adultery on the part of Mrs. Walker.

Near the close of all the evidence, counsel for Mrs. Walker moved to be allowed to amend her petition so that it would set up intolerable severity as a ground of divorce. After some discussion the court declined to permit the amendment at the stage to which the cases had progressed. In so ruling the court did not abuse its discretion. Upon this question there is no occasion to cite authorities.

Without amendment of the pleadings it was, however, open to Mrs. Walker to defend against her husband's petition by way of recrimination. *Hemenway* v. *Hemenway,* 65 Vt. 623, 27 Atl. 609; *Tillison* v. *Tillison,* 63 Vt. 411, 416, 417, 22 Atl. 531; *Shackett* v. *Shackett,* 49 Vt. 195.

And without condonation, of which there is no suggestion, the adultery found to have been committed by Mrs. Walker was a bar to her having a divorce on any ground.     *Shackett* v. *Shackett, supra.*

We have considered all the exceptions relied on by the excepting party.

*The decree dismissing the petition of Olivette C. Walker is affirmed. The decree granting the petition of Grover C. Walker is affirmed.*