## Mabry v. Commonwealth.

(Decided October 13, 1925.)

### Appeal from Christian Circuit Court.

1. Criminal Law—Indictment and Information—Time Not Material, and Motion to Make Indictment More Specific by Alleging Date in Discretion of Court, and Action Not Disturbed Save for Abuse. —Indictment for sale of liquor left date of commission of offense blank, but stated it to be within twelve months before finding of indictment. Held, since such prosecution was limited to acts occurring within twelve months of indictment as required, time was not a material ingredient of the offense, so that a motion to make more specific by inserting date is within discretion of court, whose action will not be disturbed in absence of abuse.

2. Intoxicating Liquors—Peremptory Instruction for Accused Properly Refused, where, Though Accused's Testimony be True, he Still could be Guilty of Offense Charged.—In a prosecution for sale of liquor, where accused denied he was employed or in busi-

ness at place where liquor was alleged to have been sold a peremptory instruction to find for accused was properly denied, since, though accused's evidence was true, he still could be guilty of offense charged.

3. Intoxicating Liquors—Verdict Held Not to be so Flagrantly Against the Evidence as to Authorize a Reversal.—Verdict held not to be so flagrantly against the evidence as to authorize a reversal.

JOHN C. DUFFY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On this appeal from a judgment of conviction on a charge of unlawfully selling intoxicating liquors it is urged for reversal: (1) That the court erred in overruling a motion to require the Commonwealth to file a bill of particulars; (2) that the court erred in refusing to give a peremptory instruction in favor of defendant; (3) that the evidence is sufficient to support the verdict.

(1) The indictment was returned on the 3rd day of October, 1924; the offense was charged to have been committed on "the — day of 1924, and within twelve months before the finding of the indictment." A motion to make the indictment more specific was filed and overruled. While not stated in the motion it appears in argument that it sought to require the Commonwealth to fix the date of the alleged offense.

Prosecutions for misdemeanors of this character are limited to offenses occurring within twelve months before the finding of the indictment, and when so limited in the indictment time is not otherwise a material ingredient of the offense, and in such indictments the accused is not ordinarily entitled to a bill of particulars setting forth the day the offense occurred. Drake v. Commonwealth, 31 Rep. 1286. Such bill has been allowed where a principal is prosecuted for the acts of an agent, and where from a multitudinous number of transactions involved the accused was unable to determine the particular act denounced and to make proper defense. Commonwealth v. C. & O. R. R. Co., 128 Ky. 749; Sou. Ry. in Ky. v. Commonwealth, 33 Rep. 252, and also in some other cases. But such an order rests within the sound discretion of the trial court, and unless this discretion is abused his

decision will not be disturbed. It does not appear that the lower court abused its discretion in this instance.

(2) The prosecuting witness testifies positively that he purchased a drink of liquor from accused during Christmas week of 1923, the transaction taking place in a store room on Virginia street at a point nearly opposite the Latham Hotel in the city of Hopkinsville. There was other evidence that the accused had a bad reputation for violation of the liquor laws.

The defendant contradicts the prosecuting witness *in toto* and testifies that he had formerly run a restaurant on Fifth street in the city of Hopkinsville; that he was sent to jail on the 10th of October, 1923, and remained for sixty days; that at the time of his imprisonment he closed his place of business and had his fixtures stored in a warehouse, and did not thereafter go into business; that he was never in business on Virginia street or employed by any one on that street; that while he was released from imprisonment during the early part of December he was in Hopkinsville very little during Christmas week. Several witnesses corroborate his statement as to the location of his former place of business and as to its being closed about the time stated by him and that he was not in business on Virginia street at any time. The accused may have closed his restaurant at the time stated and not have gone into business thereafter and not have been employed by ony one on Virginia street and still have committed the offense as claimed by the Commonwealth's witnesses, so that a peremptory instruction was properly overruled. All of these facts were before the jury, who were authorized to pass upon the credibility of the witnesses, and we can not say that their verdict was so flagrantly against the evidence as to authorize a reversal.

Perceiving no error the judgment is affirmed.