## Commonwealth v. Louisville & Nashville Railroad Company.

(Decided October 16, 1925.)

### Appeal from Clark Circuit Court.

Indictment and Information—Demurrer to Commonwealth's Response to Request for Bill of Particulars in Prosecution for Unreasonably Blocking Street Held Properly Sustained.—Where railroad, charged with permitting its trains to block street for unreasonable time on particular day and other days within preceding year, filed affidavit showing that an average of 64 trains passed over street daily, and sought bill of particulars indicating day

and time of offense, and character and direction of train, held,
response, saying that Commonwealth's witnesses could not state
exact day or hour when street had been blocked, or give number
or character or direction of travel of train, though they did re-
member that acts charged had occurred many times during year,
held insufficient, and demurrer thereto properly sustained.

FRANK E. DAUGHERTY, Attorney General, and W. J. BAXTER,
Commonwealth's Attorney, for appellant.

BENTON & DAVIS and WOODWARD, WARFIELD & HOBSON
for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirm-
ing.

The appellee herein was indicted in the Clark cir-
cuit court for the offense of suffering a nuisance in that,
as the indictment alleged, it had on the 16th day of De-
cember, 1924, and on divers other days and within twelve
months before the finding of the indictment permitted
its cars to block Main street in the city of Winchester
for an unreasonable length of time, whereby the street
was obstructed and travel thereon rendered dangerous
and inconvenient. The appellee made a motion that the
court require the Commonwealth to file a bill of particu-
lars, which should indicate the day and time of day of
the offense for which the Commonwealth would try ap-
pellee, and also the character of the train and direction
in which such train was headed at the time of such offense.
Appellee filed in support of its motion an affidavit
which disclosed that during the preceding year sixty-
four freight and passenger trains on an average
passed over this Main street each day, and that without
the indictment being made more definite it would be im-
possible for the appellee to prepare its defense. The
Commonwealth thereupon filed a response in which it
stated that the Commonwealth's attorney had talked to
all the witnesses for the Commonwealth and that they
had told him they could not state any exact day or any
hour of any day when the appellee had blocked Main
street, nor could they give the number or character of
any train or the direction in which such train, which had
obstructed Main street, was headed, as they did not re-
member these exact details, but that they did remember
that the acts charged in the indictment occurred many
times during the year covered by the indictment. The
response also averred that the appellee had a record of

all of its trains and their movements during the preceding twelve months and could ascertain the facts sought by its motion from its own records. A demurrer being sustained to this response, the Commonwealth declined to make its bill of particulars more specific, and thereupon the indictment was dismissed. From the judgment of dismissal the Commonwealth appeals.

In Commonwealth v. C. & O. R. Co., 128 Ky. 749, 110 S. W. 253, where the indictment was practically the same as the one before us, this court held the trial court exercised a proper discretion in requiring the Commonwealth to furnish a bill of particulars because the indictment, though good, was so general in its terms that it did not reasonably apprise the defendant of the particular offense for which it would be tried, and hence did not fairly afford it with such reasonable information as to enable it to prepare any defense it might have. However, the court said that the trial court should not require the Commonwealth's attorney to file a bill of particulars until the Commonwealth has obtained the presence of its witnesses from whom it can ascertain the particular facts to be relied upon in the prosecution, and even then the Commonwealth should not be required to give facts which are within the knowledge of the other party nor to give the particular hour, day or even week in which the offense was committed, nor the particular train or number of trains unless the witnesses can remember the same. We said that all that was required was an honest effort on the part of the prosecution to obtain and give to the defendant all the necessary information that it reasonably could to enable the defendant to know as far as possible the particular act or acts relied upon by the prosecution for a conviction.

In Bailey v. Commonwealth, 130 Ky. 301, 113 S. W. 140, in discussing the nature of a bill of particulars to be furnished where the indictment, though good, is indefinite, this court said:

"It (the bill of particulars) need not specify exact dates, nor with absolute precision such other circumstances as might hamper the Commonwealth in presenting its case; nor should it be so loose as to constitute a dragnet in which forgotten, unsuspected acts might be brought to the surface, surprising the accused, and operating as a practical matter as unjustly as the most indefinite charge could. The

accused should be put fairly upon notice. The Commonwealth should have reasonable latitude."

Measured by these rules the response of the Commonwealth in this case was insufficient. After it was filed the appellee knew no more for what it was to be tried than it did from the indictment. Its affidavit in support of its motion for a bill of particulars showed that there were some sixty-four trains which passed over Main street each day of the year. It would have been almost a hopeless task to have investigated each one of these trains for each of the three hundred and sixty-five preceding days. While the Commonwealth's attorney could not be required to specify the exact hour, day or even week in which the offense occurred for which it would try appellee, yet he should with some reasonable approximation, and within limits less than a year, have stated such time so that appellee could reasonably prepare its defense, if it had any. Surely the witnesses remembered on or about what time the obstructions occurred concerning which they would testify. Surely they could have reasonably approximated such time and made it more definite than they did. At least the Commonwealth's response does not aver they could not do so. The response as filed was really no more than that condemned in the Bailey case, at least in the absence of an averment that the Commonwealth could not furnish a closer approximation to the date of the obstruction for which it would try appellee, the trial court did not err in adjudging it insufficient.

Judgment affirmed.