## COMMONWEALTH v. WELCH et al.

Court of Appeals of Kentucky.

Nov. 21, 1951.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellant.

Frank Ginocchio, Lexington, for appellee.

MORRIS, Commissioner.

The Commonwelath appeals from an order dismissing an indictment charging appellees with engaging in the occupation of receiving or transmitting wagers on horse races, one of the offenses denounced by KRS 436.490.

The indictment both in the accusatory and descriptive parts, follows the precise language of the statute, and specifically charges that the "occupation" was carried on "at a room or building located at 181 North Limestone Street, Lexington, Kentucky * * *." It alleges that the business was not carried on in an enclosure where licensed horse races are conducted; this in the language of the statute.

Appellees filed joint demurrer to the indictment, the court overruling. They then moved the court to require the Commonwealth to supply a bill of particulars, specifically asking the Commonwealth's attorney:

"(1) To give the names and addresses of persons alleged to have wagered on horse races, and the names of the horse races and horses on which said wagers were alleged to have been made, received, transmitted or negotiated by the defendants, and the time, date and place where said alleged horse races were run or about to be run, or advertised or posted or reported as being run.

"(2) To state fully the facts on which the Commonwealth will rely to prove the charges contained in the indictment against these defendants herein."

The court sustained the motion and directed the attorney to file a bill of particulars, giving the information requested in paragraph (1) of the motion, employing the exact language of that paragraph. No mention was made in the order of the request set up in paragraph (2).

In response the Commonwealth's attorney admitted his inability to furnish the specific information requested in paragraph (1). Although the court's order did not require response to paragraph (2) an additional or amended response was filed. In this it was stated that the Commonwealth would produce the witness who would testify in substance that he was employed by defendants in their operation of a handbook at the place mentioned in the indictment; that "from a date which was one year prior to the indictment, and continuing for several months thereafter," he was employed by defendants to mark on a blackboard the results of various horse races "as reported to said handbook;" that the handbook was operated by the defendants during said period practically every day, excepting Sundays and holidays; that on each day of operation approximately from 15 to 20 persons "congregated in said place of business * * * and did make bets on horse races with these defendants."

The amended response stated that the Commonwealth had furnished "all of the information which it has with reference to the facts required to be stated in a bill of particulars." Upon submission the court adjudged "that said bill of particulars is insufficient and is a failure to comply with the aforesaid order, and the Commonwealth's attorney having stated his inability to comply with such order;" the indictment was dismissed over objection and exception by the Commonwealth, with appeal granted.

Appellee's brief goes to some length in an attack on the indictment, pointing out defects which it is contended make the indictment vulnerable; however, the contention is made apparently for the purpose of showing that the court was authorized to require a bill of particulars. The Commonwealth does not contend that a bill of particulars should not have been supplied. The record shows that the demurrer to the indictment stands overruled, hence we are not now concerned with the correctness or incorrectness of that ruling.

We have no statutory rule in respect to a bill of particulars, though its necessity, purpose and effect have been recognized by this court. In the case of Clary v. Commonwealth, 163 Ky. 48, 173 S.W. 171, 173, we dealt with the sufficiency of an indictment for embezzlement, and held the indictment bad. A bill of particulars was filed, but the court held that it "did not cure the indictment", and then said: "A bill of particulars is not designed to uphold an insufficient indictment, but such bill is

designed only to be used where the indictment is sufficient upon demurrer, but, in the sound discretion of the trial court, and in furtherance of justice, in order to give the defendant fair notice of what he is called upon to defend".

■■ In the absence of a statutory provision requiring a bill of particulars, the defendant is not entitled to one as a matter of right; the granting or refusal rests in the sound discretion of the court. 14 Am. Jur., Criminal Law, p. 127. There is no abuse of discretion, and the court is justified in denying a request for a bill, if the demand be for a detailed disclosure, which if furnished would unduly limit or embarrass the prosecution, or serve to exclude material witnesses. 27 Am.Jur., Indictment and Information, p. 674.

■ We have held that the Commonwealth should not be required to furnish a defendant with a detailed statement of facts which are or should be within his knowledge. All that is required is an honest effort on the part of the prosecution to obtain and give to the defendant all the necessary information that it reasonably can to enable him to know, as far as possible, the act or acts relied upon by the prosecution for a conviction. Commonwealth v. Chesapeake & O. R. Co., 128 Ky. 749, 110 S.W. 253.

■ As noted above, we are not concerned with the question as to whether or not the court exercised a sound discretion in ordering a bill of particulars; the only question is whether or not there was an exercise of sound discretion in declaring the response insufficient, and in dismissing the indictment, chiefly, if not altogether, on the ground that the Commonwealth admitted its inability to comply with the court's order in respect to paragraph (1) of appellees' motion. We are of the opinion that it was not to be required of the Commonwealth to give the names of horses, horse races, or names and addresses of persons wagering on horse races, or dates when or places where races were run. Appellees do not stand indicted for "betting on horse races," KRS 436.490, but for engaging "in the occupation" denounced by that section.

■ The response fairly advised appellees that the Commonwealth would offer testimony that within a period stated, appellees had operated a handbook at a place named, and that various persons made bets on horse races. Without passing on the quality of this proof, we are of the opinion that the response fairly apprised appellees of what the Commonwealth expected to prove, the proof on trial to be limited to the facts stated. Robinson's Criminal Law, p. 1866, Sec. 1771.

We conclude that the court was in error in adjudging the bill insufficient, and in dismissing the indictment. The judgment is reversed and case remanded with directions to set aside the order of dismissal.